CHARLES E. KELLER and another *vs.* FREDERICK STRUCK.

January 24, 1884.

**Homestead—Mechanic's Lien.**—A statutory lien cannot be acquired upon real property constituting the homestead of the owner, by reason of the furnishing of lumber for the erection of a dwelling-house thereon; following *Coleman* v. *Ballandi*, 22 Minn. 144.

**Complaint for Goods Sold.**—Complaint considered as insufficient to show a cause of action for the recovery of money.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, *Brill*, J., presiding.

*Geo. J. Flint*, for appellants.

*O'Brien & Wilson*, for respondent.

DICKINSON, J. The plaintiffs sought by this action to recover the value of lumber purchased from them, and used in the construction of a dwelling-house upon a lot owned by the defendant in the city of St. Paul, and to have the amount of the recovery declared a lien, and enforced as such. The answer of the defendant denied the purchase of the lumber by him, and set forth facts showing that the lot was his homestead at the time of the alleged sale. No reply having been interposed to the asserted right of homestead, the court granted judgment for defendant upon the pleadings. There being no reply putting in issue the allegations showing that the property was a homestead, the answer was to be construed as admitting the facts so pleaded. The property being a homestead, no lien in favor of the plaintiffs was created by the alleged sale and use of the lumber. *Coleman* v. *Ballandi*, 22 Minn. 144. The case cited controls that under consideration so far as relates to the question of the homestead right.

It is contended, however, that, upon the facts alleged in the complaint, the plaintiffs were entitled to recover, as in a legal action, the value of the lumber, and the question arises as to the sufficiency of the complaint for this purpose. The only allegations which can be claimed to charge the defendant with this personal liability are the

following: "That * * * the plaintiff contracted with, and did agree to and with the defendant and one W. S. Clark, and did thereafter furnish and deliver, for the use and benefit of said defendant, certain lumber and building materials to said defendant and the said Clark, for the purpose of building, and to be used in constructing, a dwelling-house upon the aforesaid lot. * * * That the said dwelling-house was so constructed by the said W. S. Clark, as contractor, workman, or agent for the said defendant, Frederick Struck, and for his sole use and benefit." Then follow allegations respecting the filing of the lien for the lumber, and showing the value of the same. The complaint contains these further averments: "That the balance remaining due and unpaid and owing from said defendant to the plaintiffs, on account of such sale and delivery and the furnishing of said material, as aforesaid, was $204.76 at the time of filing and recording said notices of lien, and at the time of the commencement of this action, and which is still due and owing from said defendant, Frederick Struck, to the plaintiffs, C. E. Keller & Co., is the sum of $175.12; that the said lumber and materials were so furnished, sold, and delivered by and with the full knowledge and consent of said defendant, Struck, and were so used in the construction of said house, as aforesaid; that a portion of the same was purchased by the said defendant, Struck, in person, of said plaintiffs."

This complaint is insufficient for the purpose claimed. The allegation as to an express contract is in no manner connected by averment with the furnishing or delivery of the property. The nature of the contract is not stated. It is not stated that the property was sold to the defendant, nor that it was delivered to him at his request, from which the legal inference of a sale might arise. It is only by reference to the transaction as being a sale, without alleging the fact, that we are to infer that such was its character. The concluding sentence above recited, stating that a portion of the property was purchased by the defendant, does not show a cause of action for any substantial recovery, and obviously, from its connection, was only directed to the end of showing the right of lien, and this, we think, was the general purpose and effect of the whole complaint.

The complaint does not contain allegations sufficient to constitute

a good count in the nature of *indebitatus assumpsit* or *quantum vale-bat* at common law, since it neither alleges a sale, nor a previous request, nor a subsequent promise.  2 Chit. Pl. (13th Am. Ed.) 37; *Hayes* v. *Warren*, 2 Strange, 933; *Osborne* v. *Rogers*, 1 Saunders, 264. The complaint must show an express obligation assumed, or facts from which would arise the legal implication of an obligation.  The allegation here is not of a sale, nor even of indebtedness for property sold; but, referring to the transaction particularly set forth, and which, as stated, does not import a sale, the complaint alleges an indebtedness on account of "*such* sale and delivery *and* the furnishing. of said material as aforesaid."   We find no error in the case.

Judgment affirmed.