J. H. ROGERS *vs*. WINSLOW M. BRACKETT, Sheriff.

November 23, 1885.

**Execution—Exemption of Personal Property—Action on Purchase-Money Note.**—An action by the vendor of personal property upon the vendee's note, received in full payment and satisfaction of the price of the property, is an action for the "purchase-money" of the property, within the meaning of Gen. St. 1878, c. 66, § 311.

**Same—Exception from Exemption not Stated.**—The *fact* that the action is for purchase-money is enough to make this section applicable, without any statement thereof in the complaint, judgment, or execution.

**Constitution—Exception from Exemption.**—Section 311 is not unconstitutional as class legislation, or as discriminating between different kinds of liabilities as respects the exemption of property from legal process.

Action in the municipal court of Minneapolis to recover the possession of a horse, wagon and harness, alleged to belong to plaintiff. The answer sets up that the defendant took the property, as sheriff of Hennepin county, by virtue of an execution against the plaintiff, issued in an action brought upon a promissory note given by plaintiff for a part of the purchase price of the same property. The reply alleges that the note was accepted and received in full payment for such property; that plaintiff was, long prior to the time of the levy and ever since has been, a resident of this state, and that the same are the only horse, wagon and harness owned by plaintiff. These allegations of the answer and reply were admitted, and judgment was ordered for defendant. Plaintiff appeals from an order refusing a new trial.

*Robert D. Russell*, for appellant.

*R. B. Forrest* and *Jordan & Forrest*, for respondent.

BERRY, J.[1] The personal property in contest was purchased by plaintiff of Dales & Co. for $140,—$100 in cash, and the plaintiff's note on 30 days for the balance. The note is admitted and found

[1] Mitchell, J., was absent, and took no part in this case.

to have been received "in full payment and satisfaction for" the deferred payment of $40, but it was nevertheless given for and represented "purchase-money," and an action upon it is an action for "purchase-money." By the terms of Gen. St. 1878, *c.* 66, § 311, the property, though otherwise exempt, was subject to execution upon any judgment rendered in an action for its purchase-money. This section does not require any *statement,* either in the complaint, judgment, or execution, that the action is for the purchase-money. The *fact* that the action is such is enough to make the section available.

The point most argued here by the appellant is that section 311 is unconstitutional, as a species of class legislation, or legislation discriminating between different kinds of liabilities, within the denunciation of *Tuttle* v. *Strout,* 7 Minn. 374, (465;) *Cogel* v. *Mickow,* 11 Minn. 354, (475;) and *Coleman* v. *Ballandi,* 22 Minn. 144.

The inapplicability of these cases to the case at bar is apparent when we consider the position of the buyer of personal property in this state. He buys and takes the property subject to section 311; that is to say, subject to the right of his vendor as against him to seize the property upon execution to satisfy a judgment recovered in an action for the purchase-money. The property passes to the buyer subject to this *quasi* vendor's lien. Of course the buyer's right of exemption does not extend any further than to protect *his* right in the property, nor so as to prevent any other person from asserting and enforcing *his* right therein or thereto, whatever it may be. The buyer's right in the property, being its general ownership, is subject to the paramount right of the vendor to make the purchase-money out of it in the way provided by section 311. That this does not infringe the constitutional provision as to exemptions, or encroach upon the doctrines of the cases cited, is, in our opinion, entirely clear without further comment.

Judgment affirmed.