### HECTOR LANGEVIN v. WILLIAM BLOOM.[1]

June 16, 1897.

Nos. 10,636—(179).

**Exemption—Purchase-Money Lien.**

> G. S. 1894, § 5460, provides that "the property hereinbefore mentioned is not exempt from any attachment issued in an action for the purchase money of the same property, or from an execution issued upon any judgment rendered therein." *Held*, that the transferee of a note given for the purchase money of property is entitled to levy on the property, though otherwise exempt, the same as the vendor himself might have done.

Appeal by defendant from a judgment for plaintiff in the district court for Polk county, entered pursuant to the order of Ives, J. Reversed.

*W. Watts* and *E. P. Pierce*, for appellant.

*Martin O'Brien*, for respondent.

MITCHELL, J.

The defendant, as constable, had levied on a buggy, the property of the plaintiff, on an execution on a judgment rendered against him in favor of one Ellington.    This judgment was rendered upon a promissory note given by plaintiff to Sylvester and Finseth, and by them transferred to Ellington.    The note was given for the pur-

[1] Reported in 71 N. W. 697.

chase money of the buggy levied on. The buggy was exempt, unless subject to levy, under G. S. 1894, § 5460, which provides that

"the property hereinbefore mentioned is not exempt from any attachment issued in an action for the purchase money of the same property, or from an execution issued upon any judgment rendered therein."

The only question is whether the assignee of the note succeeded to the privilege or right of the vendor as against the exemption right of the vendee.

The authorities on this question are conflicting. See Thompson, Homest. & Ex. § 336. Most of the cases consider it the same as or analogous to the question whether the equitable lien of a grantor of land for purchase money is assignable. Some courts hold that it is the mere personal privilege of the vendor, which is not assignable, and consequently will not pass by the assignment of the debt; while others view it as a privilege or right inherent in the contract, which goes with the debt like any other privilege, lien, or security. We think the latter view is correct on principle, as well as equitable. Unless the vendor can sell the debt accompanied by the privilege or right to levy on the property sold in the hands of the vendee, he does not get the full benefit of the right which the statute gives him. This right is one of the things which gives value to the debt. There is no reason in equity why the vendee should hold the property as exempt against process to collect the purchase money in favor of the assignee of the vendor, any more than if the process was in favor of the vendor himself. The theory upon which the statute cited was enacted, and upon which it is held constitutional, is that the buyer ought not, as against the seller, to hold the property as exempt, until he has paid for it, and that the property passes to the buyer subject to this quasi vendor's lien; that is, subject to the paramount right of the seller to make the purchase money out of it. Rogers v. Brackett, 34 Minn. 279, 25 N. W. 601.

It seems to us that there is no good reason, founded on either principle or policy, why the vendee should be allowed to hold the property freed from this right, simply because the debt for purchase money has been transferred by the vendor to a third party.

This precise question has never been passed upon by this court,

although in Kinney v. Duluth, 58 Minn. 455, 60 N. W. 23, we held that the assignment of a demand, which may be enforced under the mechanic's lien law, operates as an assignment of the right to a lien. Harlev v. Davis, 16 Minn. 441 (487), is sometimes cited in text-books as holding that the transferee of a note given in purchase of a chattel has no right, as against the vendee's right of exemption, to levy on the property, although the vendor himself might have done so; but an examination of the facts in that case will show that it is not authority for any such proposition. In Hammond v. Peyton, 34 Minn. 529, 27 N. W. 72, we held that the equitable lien of a grantor of real estate was not assignable; but the decision was expressly based upon the fact that we looked upon a grantor's equitable lien with disfavor, and did not desire to extend it further than we were compelled under the authorities, at the same time admitting that the decision was inconsistent with the analogies of the law.

Judgment reversed, and cause remanded, with directions to the district court to enter judgment in favor of the defendant.