## FRANK WEBER v. W. J. LEWIS.

Opinion filed April 9, 1910.

**Pleading — Liberal Construction — Demurrer.**

1. A complaint, when attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action, will be liberally construed and upheld, where it contains allegations of facts sufficient to reasonably and fairly apprise the defendant of the nature of the claim against him.

**Pleading — Motion to Make More Definite — Amendment.**

2. If the substantial facts which constitute a cause of action are stated in a complaint or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency, pertaining, however, to form rather than substance, the proper mode of correction is not by demurrer, but by motion to make the averments more definite and certain by amendment.

**Pleading — Code System — Legal Conclusion — Demurrer.**

3. Under the Code system of pleading, the allegation of a legal conclusion, instead of the facts upon which it is based, does not usually render a pleading bad on general demurrer.

**Contracts — Pleading — Allegation of Promise to Pay Unnecessary.**

4. Under the Code system of pleading, in actions to recover on implied contracts, it is neither necessary nor proper to allege a promise to pay on defendant's part.

**Pleading—Common Counts—Good Declaration at Common Law, Sufficient Against Demurrer.**

5. The function of a complaint is to inform defendant of the nature of plaintiff's demand to the end that he may prepare for his defense; and, if sufficient facts are alleged or may reasonably be inferred to constitute a good declaration under the common counts at common law, the same will be sustained as against an attack by general demurrer.

Appeal from LaMoure County Court; *Baker, J.*

Action by Frank Weber against W. J. Lewis. From an order overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*Davis, Warren & Hutchinson,* for appellant.

Essential facts must be stated in unequivocal language, not left to be inferred. I Estee's Pl. (4th Ed.) 166; Moore v. Besse, 30 Cal. 570; Hicks v. Murray, 43 Cal. 522; Elwood v. Gardner, 45 N.

Y. 349; First National Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Jasper v· Hazen, 2 N. D. 401, 51 N. W. 583; I Estee's Pl. (4th Ed.) 218; Green v. Palmer, 15 Cal. 412; Northern Railway Co. v. Jordan, 87 Cal. 322; Cordier v. Schloss, 12 Cal. 147; Riddle v. Baker, 13 Cal. 302; Buena Vista, etc., Co. v. Tuohy, 107 Cal. 243; 4 Cyc. Pl. & Pr. 600; McConnoughey v. Weider, 2 Iowa, 408; Miller v. Van Tassel, 24 Cal. 49; Baltzell v. Nosler, 63 Am. Dec. 466; Thompson v. Munger, 65 Am. Dec. 176; Conaughty v. Nichols, 42 N. Y. 86; Addison v. Lake Shore & M. S. R. Co., 48 Mich. 155.

*W. C. Lasell,* for respondent.

If complaint is good on any theory, demurrer will be overruled. 10 Cur. Law, 1204; Douglas, etc., Ry. Co. v. Swindle, 2 Ga. App. 550, 59. S. E. 600; Oolitic Stone Co. v. Bridge, 80 N. E. 441; Dresser v. Mercantile Trust Co., 108 N. Y. S. 577; Thompson v. Mills, 101 S. W. 560; Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423; Morse v. Swan, 2 Mont. 306; Smith v. Jordan, 13 Minn. 264, 97 Am. Dec. 232; Bliss Code Pleading (3d Ed.) section 417; Waggy v. Scott, 29 Ore. 386, 45 Pac. 774; Jackson v. Stearns, 84 Pac. 798; George v. Thomas, 16 Tex. 74, 67 Am. Dec. 612.

Uncertainty is not ground for demurrer, but for motion to make more definite. Snowden v. Wiles, 19 Ind. 10, 81 Am. Dec. 370; Williamson v. Yingling, 80 Ind. 371, also 93 Ind. 44; City of Connorsville v. Connorsville Hyd. Co., 86 Ind. 235; Hart v. Crawford, 41 Ind. 197; Lewis v. Edwards, 44 Ind· 333; Busta v. Wardall (S. D.) 52 N. W. 418; Morse v. Gilman, 16 Wis. 504; Clark v. Langworthy, 12 Wis. 441; Akerly v. Vilas, 25 Wis. 703 (Appx.); Sentinel Co. v. Thomson, 38 Wis. 489; Riemer v. Johnke, 37 Wis. 258; Pom. Rem. & Rem. Rights (2d Ed,) Art. 451, page 494; Emerson v. Nash, 102 N. W. 921, 70 L. R. A. 326; Milwaukee Trust Co. v. Van Valkenburgh, 112 N. W. 1083; Wilcox et al. v. Scanlon et al., 113 N. W. 948.

Every reasonable intendment and presumption must be made in favor of the pleading. 11 Cur. Law, 1258; Emerson v. Nash, supra; Manning v. School District No. 6, 102 N. W. 356; Morse v. Gilman, supra; Miller v. Bayer et al., 94 Wis. 123, 68 N. W. 869; Ean v. Chicago, M. & St. P. Ry. Co., 95 Wis. 69, 69 N. W. 997; Miles v. Mutual Reserve Fund L. Ass'n, 108 Wis. 421, 84 N. W. 159; Bassett v. Warner, 23 Wis. 673; Koepke v. Winterfield, 116 Wis. 44, 92 N. W. 437; Klieforth v. N. W. Iron Co., 74

N. W. 356; Milwaukee Trust Co. v. Van Valkenburgh, 112 N. W. 1083; Emerson v. Nash, supra; Donovan v. St. Anthony & Dak. El. Co., 75 N. W. 809.

If complaint presents facts sufficient for a recovery, though inartificially stated, it will stand as against a demurrer. 4 Am. & Eng. Enc. Pl. & Pr. 744; Spottswood v. Herrick, 22 Minn. 548; Casey v. American Bridge Co., 103 N. W. 623; Warren Bros. Co. v. King, 104 N. W. 816.

FISK, J. This is an appeal from an order overruling a demurrer to the complaint, and the sole question presented is the correctness of such ruling.

The complaint, omitting formal parts, is as follows: "The plaintiff complains and alleges: (1) That on the 14th day of October, A. D. 1904, the above-named plaintiff and defendant made and entered into a written contract, an agreement in writing, wherein and whereby this plaintiff rented from the above-named defendant the northwest quarter of section twelve (12) in township one hundred thirty-five (135) north of range sixty-two (62) west of the Fifth principal meridian, and also the west half of section seven (7) in township one hundred thirty-five (135) north of range sixty-one (61) west, for the period of three (3) years. The same ending on or before April 1, A. D. 1908. This contract also included the rental of some stock, and the doing of various work. (2) That by reason of the rental of the said land, and the work performed by this defendant, and the use of this plaintiff's machinery, and the sale of cattle belonging to this plaintiff and the defendant jointly, by the defendant, and the storing of grain of defendant by plaintiff, and for the furnishing of twine, this defendant is indebted to this plaintiff in the sum of four hundred fifty-four and 50-100 ($454.50) dollars; no part of which has been paid save and except the sum of forty-one and 85-100 ($41.85) dollars by reason of flax and barley furnished and the labor performed by said defendant. That there is now due said plaintiff by reason of said account the sum of four hundred twelve and 65-100 ($412.65) dollars from this defendant. Wherefore, plaintiff prays judgment against the defendant for the sum of four hundred twelve and 65-100 ($412.65) dollars, and interest from and since October 31, A. D. 1907, together with his costs and disbursements herein."

The sole ground of the demurrer is that the complaint fails to state facts sufficient to constitute a cause of action.

While the complaint is very inartistically drawn, and is, no doubt, subject to attack by motion to make more definite and certain, we are of opinion that, under the liberal rule to be applied in testing its sufficiency as against such an attack, it should be upheld, although the author thereof cannot, with pride, point to the same as a model of scientific pleading. The rule is firmly established that a complaint, when attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action, will be liberally construed in favor of such pleading, and the same will be upheld when it contains allegations of fact sufficient to reasonably and fairly apprise the defendant of the nature of the claim against him.

Prof. Pomeroy, in his valuable work on Code Remedies (section 549), gives a very clear and correct statement of the rule as follows: "The true doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment. From the citations in the footnote, it is clear that the courts have, with a considerable degree of unanimity, agreed upon this rule, and have in most instances applied it to defects and mistakes having the same general features, and have sometimes severely strained the doctrine of liberal construction in order to enforce it. Thus, if instead of alleging the issuable facts the pleader should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or if he should aver conclusions of law, in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion, and not by a demurrer."

Dixon, C. J., in Morse v. Gilman, 16 Wis. 504, stated the rule as follows: "A complaint to be overthrown by demurrer, or by objection to evidence, must be wholly insufficient. If any portion

of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if a good cause of action can be gathered from it, it will stand, however inartificially these facts may be presented, or, however defective, uncertain, or redundant may be the mode of their treatment. Contrary to the common-law rule, every reasonable intendment and presumption is to be made in favor of the pleading; and it will not be set aside on demurrer unless it be so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever."

In the more recent case of South Milwaukee Co. v. Murphy, 112 Wis. 614, 88 N. W. 583, 58 L. R. A. 82, Marshall, J., said: "Under the liberal rules of pleading prescribed by the Code, facts which are inferable with reasonable certainty when stated according to their legal effect, if so alleged, do not render the pleading bad upon a challenge for insufficiency, though it may be open to a motion to make more definite and certain."

Prof. Sunderland, in his valuable article on Pleading in 31 Cyc. at page 280, says: "Under the Codes, the allegation of a legal conclusion, instead of the facts upon which it is based, does not usualy make a pleading bad on general demurrer"—citing City of Santa Barbara v. Eldred, 108 Cal. 294, 41 Pac. 410; Lambe v. McCormick, 116 Iowa, 169, 89 N. W. 241; Union, etc., Co. v. Stone, 54 Kan. 83, 37 Pac. 1012; Newport Light Co. v. City of Newport (Ky.) 19 S. W. 188; Harris v. Halverson, 23 Wash. 779, 63 Pac. 549; and other cases.

It is, of course, a well-settled general rule that facts, not legal conclusions, must be alleged in pleadings; but it is equally well settled that a pleading is not rendered insufficient because it contains legal conclusions in addition to the facts which properly belong in it. 31 Cyc. 49-51, and cases cited. For illustrations of the rule, see Id. 52 et seq.

Applying the foregoing rules to the complaint in the case at bar leads us to the conclusion that the demurrer was properly overruled. The complaint alleges that a certain written contract was entered into between plaintiff and defendant, wherein and whereby plaintiff leased from defendant certain real property in 1904 for the period of three years, and that such contract also included the rental of certain stock and the doing of various work. Then follows allegations by way of recital, but to the effect that work was performed by the plaintiff under such contract, and that defend-

ant had the use of plaintiff's machinery, also, that defendant sold certain cattle belonging jointly to plaintiff and the defendant, also, that plaintiff stored certain grain for defendant and furnished him certain twine, for all of which defendant is indebted to the plaintiff in the sum of $454.50, no part of which has been paid except the sum of $41.85, and that there is now due plaintiff from defendant by reason thereof the sum of $412.65. There are sufficient facts alleged to apprise defendant, in a general way, what plaintiff's claim is. It is true defendant is not informed of the amount claimed by plaintiff for each of the various items, but defendant's remedy is by motion to require plaintiff to make the complaint more definite and specific in this particular. His remedy is not by demurrer. This is elementary. The facts alleged are, we think, sufficient from which the law raises an implied promise on defendant's part to pay for the work performed, the machinery used, the twine furnished, and for the grain stored.

It is well settled that under the Code system of pleading as contradistinguished from that of the common-law system, it is neither necessary nor proper to allege a promise on defendant's part in actions to recover upon implied contracts. Pomeroy's Code Remedies (3d Ed.) section 540.

We think that the complaint at least as to some of the alleged causes of action therein contained, would be sufficient under the common counts in indebitatus assumpsit at common law. 2 Chitty on Pleadings (16 Am. Ed.) pp. 27-35; 2 Enc. of Forms, page 297. This being true, it is firmly settled that the complaint is good under the Code. As said in Pomeroy's Code Remedies, section 542: "The courts have almost unanimously * * * held that such complaints or petitions sufficiently set forth a cause of action in the cases where the declarations which they imitate would have been proper under the former practice"—citing many authorities. The learned author of this valuable work further says: "Notwithstanding the imposing array of judicial authority shown by the citations in the footnote, the courts of one or two states have refused to follow this course of decision and have pronounced such forms of complaint or petition to be in direct conflict with the correct principle of pleadings established by the Codes. Although these few cases cannot be regarded as shaking, or as throwing any doubt upon, the rule so firmly established in most of the states, they may be properly cited in order that all the light possible may

be thrown upon this particular question of interpretation"—citing two very early cases, one in Minnesota and the other in Oregon. Notwithstanding the criticism by Prof. Pomeroy of the majority rule thus announced, we consider it the safer and better rule to adopt. The function of the complaint is to inform defendant of the nature of plaintiff's demand so that he may not be misled in the preparation of his defense. If the complaint does this in a general way, it is sufficient as against an attack by demurrer, although inartificially drawn. 31 Cyc. 101, and cases cited.

Under the common counts it is, in most instances, averred that the thing furnished and labor performed were thus furnished or performed at defendant's request, and also that defendant promised to pay for the same; but, in most instances, these averments are not required under the Code, for a succinct and accurate statement of the principle here involved, together with the citation of many authorities in support of our views as above expressed, see 1 Bates, Pl., Pr. & Forms (1908 Ed.) pp. 208-212.

For the foregoing reasons, the order appealed from is affirmed. All concur, except SPALDING, J., dissenting.

SPALDING, J. (dissenting). I cannot concur in the result arrived at in the foregoing opinion. That there are two lines of authorities on the subject is beyond question, and this is the first case, as far as I can judge, requiring this court to pass on the question here involved. Assuming, which I do not concede, that the majority opinion is in harmony with the decisions of the greater number of courts, I feel that, when a question arises for the first time in this state which relates solely to matters of procedure, we should not hesitate to adopt the clearer and better rule, even though it may not be supported by precedent. Precedent is not always a safe guide. Courts are justly subject to criticism for adhering too blindly to rules of procedure adopted by other courts under different conditions and in former ages. The courts of new states, when bound by no precedents of their own, would do better to be governed by the correct principle, rather than by the unsound precedent. The case of Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542, is the authority which has been followed in several states in holding that a complaint similar to this is sufficient under the Code system of pleading; but it has been the subject of ridicule, and courts which have followed it have suggested that, if it were an open question in their own jurisdiction, it would not

be regarded as a controlling precedent. That case differed from this, as it appears to have been decided with reference to a statute not applicable in the present instance. The New York case was decided in 1852, when the Code procedure was in its infancy. Many courts were then impregnated with the atmosphere of the common-law practice and yielded to the new procedure with great reluctance. This fact undoubtedly has some bearing upon the New York authority. Indiana and Ohio cases are cited as authorities in harmony with New York; but an examination discloses that the statutes of these states prescribe that the common-law counts shall be deemed sufficient under the Code.

Were it not for the precedents, it is plain to me that the construction of our Code regarding the sufficiency of a complaint and its allegations would be perfectly clear, for it says that "it must contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Rev. Codes 1905, section 6852. I think it somewhat difficult, if not impossible, to untangle from the numerous allegations of the complaint either a plain or a concise statement of the facts upon which the plaintiff relies for recovery. I had supposed it to be elementary under the Code system that facts, and not conclusions of law, must be pleaded as a basis for a recovery. An analysis of this complaint resolves it down to allegations that on the 14th day of October, 1904, a contract was entered into between the parties for the rental of certain land and stock and the doing of various work; that by reason of the rental of said land, work done, use of machinery, etc., defendant is indebted to plaintiff in the sum of $454.50, no part of which has been paid. It does not show whether the work was to be done by the plaintiff or the defendant, or any promise, express or implied, to pay, or that there has been any breach of obligation. The whole cause of action is predicated upon two conclusions of law, namely, "That by reason of," etc., and that "defendant is indebted to plaintiff;" and these conclusions are unsupported by statements of any tangible facts. It was doubtless an attempt to copy the common counts, and assuming that the theory of the opinion of Judge Fisk is correct, namely, that this complaint states a good cause of action at common law, the question arises whether because a complaint of this kind may state sufficient facts to make it sustainable as against a demurrer, at common law, it does so under the Code.

As before indicated, there are many authorities on the subject, some of them clearly conflicting, others clearly distinguishable, and many which I am unable to distinguish between, but holding diversely. The question was passed upon in Bowen & Chambers v. Emmerson, 3 Or. 452. That court says: "A fault with the complaint in this case is that it neither states a promise to do any certain act at any specified time, nor states facts from which a duty to do so necessarily arises or from which a promise is necessarily inferred. It is not probable that any method of pleading in actions for money due upon contract will ever be discovered that is more simple and easily in practice or better calculated to apprise the court and the parties of the grounds and nature of the action or more likely to leave a clear and concise record of what has been done than that which is now prescribed in the Code. Notwithstanding this conceded truth, we sometimes meet with pleadings in this class of action that neither conform to the common law nor to the requirements of the Code. In actions for money due on contract, the common law required a concise statement of the facts, and in some particulars the employment of technical language; the Code requires a plain and concise statement of the facts. In other words, the common law required the facts to be stated concisely and sometimes in technical language; the Code requires the facts to be stated concisely and in plain or ordinary language. In this class of actions the pleader is required to state the facts that show that a contract existed between the parties, that it has been broken, and in what particulars, and the amount of damages the breach has caused. Facts only must be stated, as contradistinguished from the law, from argument, from conclusions, and from the evidence required to prove the facts. Coryell v. Cain, 16 Cal. 571." The complaint in the Oregon case alleged that "on or about the 18th day of February, 1868, plaintiff sold and delivered to the defendant 4,000 pounds of flour and that the same was worth $212," and the court says: "It does not show that the defendant undertook or became obligated to pay for the flour within a designated time, or within a reasonable time, or when requested; nor that the time of payment had arrived before the commencement of the action. For aught that appears from the facts stated, the property might have been sold on credit, the time of which has not yet expired, or it might have been sold and delivered to the defendant

—31—

upon the request and credit of another, with a full understanding that the defendant was not to pay for it."

Minnesota has had the question under consideration in several cases. In Foerster v. Kirkpatrick, 2 Minn. 210 (Gil. 171), where the complaint alleged that "the defendants are justly indebted to the plaintiff in the sum of, etc., on account of goods, wares, and merchandise sold and delivered by the plaintiff to the defendant at the special instance and request of the defendants, wherefore, etc.," the court held it fatally defective because containing no statement of the time of sale, and no averment that the goods were of the price or value of the sum mentioned, or that the defendants promised to pay for the same, and the court says: "In actions for goods sold and delivered, it is essential that one or the other of these allegations should be made. Without it the allegation of indebtedness is a mere conclusion of law unsupported by any fact. The defendant's liability grows out of the fact that the goods were either worth the amount of the claim, or else that they promised to pay that amount. If they were worth the amount, the law implies a promise. Without one or the other of these allegations, there appears no consideration to support the pretended indebtedness." This was followed in Holgate v. Broome, 8 Minn. 243 (Gil. 209). These cases were overruled in a dictum in Rogstad v. Railway Co., 31 Minn. 208, 17 N. W. 287; but in Keller v. Struck, 31 Minn. 446, 18 N. W. 280, a complaint in effect identical with the one in the case at bar was held bad. The court, in concluding its opinion, said: "The complaint must show an express obligation assumed, or facts from which would arise the legal implication of an obligation. The allegation here is not of a sale, nor even of indebetedness for property sold, but referring to the transaction particularly set forth, and which, as stated, does not import a sale. The complaint alleges an indebtedness on account of such sale and delivery and the furnishing of such material as aforesaid." It will be noted that the allegation was an indebtedness "on account of," which is synonymous with the allegation of the complaint in the case at bar "that by reason of." In Pioneer Fuel Co. v. Hager, 57 Minn. 76, 58 N. W. 828, 47 Am. St. Rep. 574, that court again held a similar complaint bad and very properly remarks that "courts in the Code states have sacrificed the principles of Code pleading more than they ought to have done in adopting this common-law formula at all."

In Moore v. Hobbs, 79 N. C. 535, I find another authority, and still others might be cited from different courts.

Mr. Freeman, in his note to Allen v. Patterson, supra, 57 Am. Dec. 544, summarizes the doctrine and quotes from Pomeroy's Code Remedies, section 544, as follows: "In the face of this overwhelming array of authority, it may seem almost presumptuous even to suggest a doubt as to the correctness of the conclusions that have been reached with so much unanimity. I cannot, however, consistently with my very strong convictions, refrain from expressing the opinion that, in all these rulings concerning the common counts, the courts have overlooked the fundamental conception of the reformed pleading, and have abandoned its essential principles. This position of inevitable opposition was clearly, although unintentionally, described by one of the judges in language already quoted, when he says: 'We are inclined to sanction the latter view and to hold that the facts which, in the judgment of the law, create the indebtedness or liability, need not be set forth in the complaint.' Now, the 'facts which create the liability' are the 'facts constituting the cause of action,' which the Codes expressly require to be alleged. The two expressions are synonymous; and the direct antagonism between what the court says need not be done and what the statute says must be done is patent. But the objection to the doctrine of these decisions does not chiefly rest upon such verbal criticisim; it is involved in the very nature of the new theory when contrasted with the old methods. In every species of the common count, the averments, by means of certain prescribed formulas, presented what the pleader considered to be the legal effect and operation of the facts, instead of the facts themselves, and the most important of them was always a pure conclusion of law. The count for money had and received well illustrates the truth of this proposition. In the allegation that 'the defendant was indebted to the plaintiff for money had and received by him to the plaintiff's use,' this technical expression was not the statement of a fact in the sense in which that word is used by the Codes; if not strictly a pure conclusion of law, it was at most a symbol to which a certain peculiar meaning had been given. The circumstances under which one person could be liable to another for money had and received were very numerous, embracing contracts express or implied, and even torts and frauds. The mere averment that the defendant was indebted for money had and received admitted any of these cir-

cumstances in its support; but it did not disclose nor even suggest the real nature of the liability, the actual cause of action upon which the plaintiff relied. The reformed theory of pleading was expressly designed to abrogate forever this general mode of averment which concealed rather than displayed the true cause of action; it requires the facts to be stated, the facts as they exist or occurred, leaving the law to be determined and applied by the court. The same is true of the common count in every one of its phases. A careful analysis would show that the important and distinctive averments were either naked conclusions of law, or the legal effect and operation of the facts expressed in technical formulas to which a peculiar meaning had been attached, and which were equally applicable to innumerable different causes of action. The rule which permitted the general count in assumpsit to be sometimes used in an action upon an express contract was even more arbitrary and technical, and was wholly based upon fictitious notions. The conception of a second implied promise resulting from the duty to perform the original express promise has no foundation whatever in the law of contract, but was invented, with great subtlety, in order to furnish the ground for a resort to general assumpsit instead of special assumpsit in a certain class of cases. All the reasons in its support were swept away by the legislation which abolished the distinctions between the forms of action, since it was in such distinction alone that those reasons had even the semblance of an existence. * * * The Legislature certainly intended that the facts constituting each cause of action should be alleged as they actually happened, not by means of any technical formulas, but in the ordinary language of narrative; and it is, as it appears to me, equally certain that the use of the common counts as complaints or petitions is a violation of these fundamental principles."

While pleadings should be liberally construed with a view of substantial justice between the parties (Rev. Codes, Sec. 6889), liberality may be so extended as to become oppression and defeat the very purpose sought to be conserved. See, also, Cal. State Tel. Co. v. Patterson, 1 Nev. 150; Penn Mutual Life Ins. Co. v. Conoughy, 54 Neb. 123, 74 N. W. 422; 1 Bates, Pleading, 258-261.

The members of the bar of this state have been distinguished for the clearness and directness of their statements of fact in pleadings. I fear that the effect of the majority opinion will be to

cause a relaxation in the practice in this respect, and that it will result in a careless and sloppy method of stating what might as readily be stated with clearness and precision and a virtual abandoment of the letter as well as the spirit of the requirement of the statute and Code system that facts must be plainly and concisely stated, which will work to the detriment of litigants and to the discredit of the profession and the courts, and afford a fruitful excuse for unnecessary motions, resulting in needless uncertainty and delay in the conduct of litigation.

(126 N. W. 105.)