## WILLIAM BOFFERDING v. ALEX MENGELKOCH.[1]

March 19, 1915.

Nos. 19,249—(313).

**Execution — exemption of wages — proviso as to necessaries invalid.**

So much of Laws 1913, c. 375 (G. S. 1913, § 7951, subd. 16), as is contained in the proviso thereto rendering the wage exemption prescribed by the main portion of the act inoperative as against a debt for necessaries supplied to the debtor or his family dependent upon him, where he has been paid $35 or more on account of his wages for the 30 days next preceding the levy, is obnoxious to Const. art. 1, § 12, and therefore void; but the remainder of the act is not thereby invalidated.

Action in the district court for Hennepin county. Mengelkoch & Culhane were garnished and disclosed that they owed defendant $25 for services rendered by him at the time of the garnishee summons and within 30 days preceding the garnishment they had paid him $35 for services rendered during the preceding 30 days. Defendant's motion that the garnishees be discharged and the amount

---

[1] Reported in 152 N. W. 135.

held by them be released as exempt, on the ground that the statute providing a lesser amount of exemption as against a creditor for necessaries for defendant and his family dependent on him, was unconstitutional, was denied, Leary, J., and judgment was rendered against the garnishees for the amount held by them. From the order denying his motion and from the judgment entered pursuant to the order, defendant appealed. Reversed.

*David R. Thomas,* for appellant.

*William Howard Anderson,* for respondent.

SCHALLER, J.

It is conceded on this appeal that plaintiff supplied necessaries to defendant and his family; that plaintiff's claim was reduced to judgment; that garnishment proceedings were duly had; and that on the disclosure it appeared that $25 was due to defendant from the garnishee for wages for services rendered. It further appeared that during the 30 days next preceding the service of the garnishee process defendant had received on account of his wages the sum of $35. On this disclosure the court ordered judgment for plaintiff against the garnishee. Defendant appealed from the judgment entered.

Defendant challenges the validity of the proviso to Laws 1913, p. 524, c. 375 (G. S. 1913, § 7951, subd. 16). This act exempts from seizure or sale:

"The wages of any person, not exceeding thirty-five dollars, due for any services rendered by him for another during thirty days preceding any attachment, garnishment or the levy of any execution against him, provided, however, that if the action, in which such attachment, garnishment, or levy of execution is made, is brought to recover the price of necessaries for the use of the debtor or his family dependent upon him, and any such debtor shall have been paid wages amounting to thirty-five dollars or more earned during said thirty day period, then in any such case, such debtor shall not be entitled to any exemption under this subdivision in wages earned during said thirty day period, except the thirty-five dollars theretofore paid."

If this legislation is invalid, it is because it violates section 12, article 1, of our Constitution, which provides, among other things:

"A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same; and provided further, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

Prior to its amendment in 1888 by the addition of the above provisos, section 12, article 1, of our Constitution was construed in a number of cases, in all of which it was held that the legislature had no power to select a certain class of liabilities and to say as to them that the exemption prescribed by law in obedience to the constitutional mandate should not apply. Tuttle v. Strout, 7 Minn. 374 (465), 82 Am. Dec. 108; Cogel v. Mickow, 11 Minn. 354 (475); Coleman v. Ballandi, 22 Minn. 144; Keller v. Struck, 31 Minn. 446, 18 N. W. 280. Shortly after the decision of the two cases last cited, the above provisos were adopted. The fact that only two exceptions were made goes far towards satisfying us that there was no intention or desire to depart from the previously established rule, which, perhaps, is best expressed by Mr. Justice Cornell, in Coleman v. Ballandi, supra, 147, as follows:

"This provision of the constitution imposes upon the legislature the duty of exempting from seizure or sale, for the payment of any debt or liability, a reasonable amount of property, and of determining such amount by law. In the discharge of this duty, and the exercise of its undoubted power, its judgment and discretion as to the amount of the exemption, and its reasonableness, are final and conclusive, and it may increase or diminish such amount from time to time, according to its own views of an enlightened public policy. Beyond this, however, it cannot constitutionally go. Discrimination, in its exemption laws, between different classes of creditors and kinds of debts or liabilities, is a species of class legislation

which is absolutely prohibited. This must be regarded as the settled doctrine in this state," citing Tuttle v. Strout, supra, and Cogel v. Mickow, supra.

This doctrine was approved in Meyer v. Berlandi, 39 Minn. 438, 441, 40 N. W. 513, 1 L.R.A. 777, 12 Am. St. 663. The settled law of this state from the very beginning, under Const. art. 1, § 12, has been that, unless specifically authorized by the Constitution, there can be no discrimination in favor of any debt or class of debts, excepting, of course, such as the property is specifically subject to when acquired by the debtor (see Rogers v. Brackett, 34 Minn. 279, 25 N. W. 601; Langevin v. Bloom, 69 Minn. 22, 71 N. W. 697, 65 Am. St. 546). We are therefore constrained to hold that the proviso to Laws 1913, p. 524, c. 375, above quoted is unconstitutional and void.

It does not follow, however, that the main portion of this act is invalid. When the question of the validity of an act of the legislature is presented, courts are very reluctant to pronounce it invalid, if by any reasonable interpretation it can be sustained. Where, therefore, the court is compelled to pronounce one part of a statute invalid, it does not necessarily follow that the entire act is void, if the remaining part of the statute can be upheld upon any reasonable hypothesis. Unless the void and the otherwise valid portions are so inseparably connected and bound together that the one cannot stand as a complete and enforceable law without the other, or unless it is clearly apparent that the invalid portion was a material inducement to the enactment of the rest, the otherwise valid enactment must stand. Applying this test, the act in question is certainly not fatally emasculated by cutting out the proviso, nor are we convinced that the latter was an indispensable inducement to the amendment of R. L. 1905, § 4317, subdivision 16, by increasing the amount of the wage exemption from $25 to $35, which, with the exception of the proviso, was the only change made by the act of 1913 here involved. While it may serve no purpose to inquire into the motives which actuated the legislature in making this increase, one reason which readily suggests itself is the gradual and universal rise in the prices of nearly all the necessaries of life during the last few years.

We hold that so much of Laws 1913, p. 524, c. 375 (G. S. 1913, § 7951, subd. 16), as is contained in the proviso thereto, is obnoxious to article 1, section 12, of our Constitution, but that the remainder of the act is not thereby invalidated.

Judgment reversed.