## CAMMACK PIANO COMPANY, a Corporation, Respondent, v. WESTERN SURETY COMPANY, a Corporation, Appellant.

(216 N. W. 561.)

**Pleading — complaint on demurrer liberally construed — apprises defendant of nature of claim.**

1. A complaint, when attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action, will be liberally construed and upheld, where it contains allegations of facts sufficient to reasonably and fairly apprise the defendant of the nature of the claim against him.  Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105.

**Pleading — when complaint attacked for insufficiency should be attacked by motion to make more definite and certain.**

2. If the substantial facts which constitute a cause of action are stated in a complaint or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency, pertaining, however, to form rather than substance, the proper mode of correction is not by demurrer, but by motion to make the averments more definite and certain by amendment.  Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105.

Note.— (1) As to sufficiency of common counts under the Code, see annotation in 34 L.R.A.(N.S.) 364.

(2) On the rule as to motion being proper method of reaching uncertainty in pleadings, see 21 R. C. L. 513; 3 R. C. L. Supp. 1164.

Opinion filed December 12, 1927.    Rehearing denied December 29, 1927.

Fidelity Insurance, 25 C. J. § 25 p. 1112 n. 92.    Pleading, 31 Cyc. p. 80 n. 5; p. 280 n. 97.

Appeal from the District Court of Burleigh County, *Jansonius,* J.

From an order overruling the defendant's demurrer to the complaint, defendant appeals.

*Affirmed.*

*F. O. Hellstrom,* for appellant.

"The chief distinction between larceny and embezzlement lies in the character of acquiring possession of the property."    9 R. C. L. 1266.

"To recover in an action on a bond, defense being made, there must be an allegation of a breach of it sustained by evidence."    Milwaukee Theater Co. v. Fidelity Co. 92 Wis. 412, 66 N. W. 360.

*Langer & Nuchols,* for respondent.

Condition once shown to exist is presumed to continue until the contrary is shown.    Jones, Ev. ¶ 12; Currier v. Gale, 9 Allen, 522; Table Mountain Gold & S. Min. Co. v. Wallers Silver Min. Co. 97 Am. Dec. 526.

"The common rule to the effect that a pleading must be strictly construed against the pleader is abrogated by § 7458, Comp. Laws 1913." Lavey v. Ingalls, 5 S. D. 183, 58 N. W. 572; Burke County v. Engert, 54 N. D. 131, 209 N. W. 362; Strong v. Nelson, 38 N. D. 385, 165 N. W. 511.

NUESSLE, J.    This appeal is from an order of the district court overruling the defendant's demurrer to the complaint.

An examination of the complaint discloses that the action is brought to recover on a fidelity bond.    The complaint sets forth that the plaintiff is a corporation dealing in musical instruments; that it employed one Chubb to sell pianos and phonographs on consignment and to collect the payments on account of such sales; that in that behalf it required of Chubb a bond insuring against his default or dishonesty in connection with the plaintiff's collections; that the defendant surety company entered into a contract with the plaintiff whereby the defendant agreed to indemnify the plaintiff as against any losses resulting from the re-

lationship established by the contract between the plaintiff and Chubb; that thereafter the plaintiff consigned instruments to Chubb and entrusted to him the collection of the payments on account of the sales thereof, and other collections; that Chubb made certain collections on account of this employment "which the said Chubb fraudulently neglected and refused to transmit to said plaintiff and which the said Chubb did embezzle or steal and did fraudulently take and appropriate and convert to his own use, and which said sums he has neglected, failed and refused to render any account for or pay over to the plaintiff." The complaint further alleges notice to defendant of such defaults and demand that the defendant pay the plaintiff on account thereof; that the defendant refused to pay the plaintiff the said sums; and prays judgment against the defendant for the amount of said collections. The defendant demurred to this complaint on the ground that the same fails to state facts sufficient to constitute a cause of action.

In the first place, the complaint will be liberally construed for the purpose of determining its legal effect. See § 7458, Comp. Laws 1913. The rule in this respect where a complaint is challenged by demurrer is as stated in the case of Weber v. Lewis, 19 N. D. 473, 34 L.R.A. (N.S.) 364, 126 N. W. 105. "A complaint, when attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action, will be liberally construed and upheld, where it contains allegations of facts sufficient to reasonably apprise the defendant of the nature of the claim against him." Thus considered it seems clear that the complaint states a cause of action. The employment of Chubb is alleged. The bond appears to have been executed and delivered on April 10th, 1926, for a term of twelve months. The recoveries are claimed on account of defaults occurring during the period beginning May, 1926, and ending in October, 1926. The complaint alleges notice and demand upon the defendant immediately upon the discovery of the alleged defaults. The action was begun in January, 1927. In view of the allegations as thus set out and contained in the complaint, the contention of the defendant that the complaint does not sufficiently allege an employment of Chubb by the plaintiff or the dates of his defaults or that the same occurred during the life of the bond or that notice was given and demand made upon the defendant, cannot be sustained.

The defendant further contends that the complaint is deficient in its allegations of Chubb's defaults, in that it does not plead the facts sufficiently relating thereto; that the allegations of the complaint constitute merely conclusions of law and so are not admitted by demurrer. But the complaint alleges that Chubb, under the terms of his employment, collected the moneys in question for the plaintiff and that he fraudulently neglected and refused to transmit them to the plaintiff and fraudulently took, appropriated and converted the same to his own use, and neglected, failed and refused to account for or pay the same over to the plaintiff. We think that this is a sufficient allegation to bring the case within the terms of the bond, which are "that the defendant will make good and reimburse the plaintiff for such pecuniary loss as may be sustained by it by reason of any act of larceny or embezzlement on the part of the said employee (Chubb) directly, or indirectly through connivance with others, while employed by the employer (plaintiff) in the position above stated beginning at noon the 10th day of April, 1926 and ending with the term of this bond." It may be that the complaint might be more definite and certain, but the defendant's remedy if it is aggrieved on this account is by motion to require the plaintiff to make the complaint more definite and specific. See Weber v. Lewis, supra.

The complaint is good as against the demurrer. The order from which the appeal was taken must be and it is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.