[File No. 5897.]

T. A. THOMPSON, Respondent, v. J. J. MURPHY, Appellant.

(237 N. W. 653.)

Opinion filed July 6, 1931.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellant.

136

*Richardson, Thorp & Wattam,* for respondent.

NUESSLE, J. This action was brought to recover upon a promissory note for the sum of $3,500. The note was given on January 9, 1922, in payment for the purchase price of ten shares of the capital stock of the Farmers State Bank of Page. The defendant, in his answer, admitted the execution and delivery of the note and set up a counterclaim predicated upon an agreement made by the plaintiff as an inducement to the defendant to purchase the stock. The counterclaim sets forth that the plaintiff agreed to "indemnify the defendant and save him harmless from any and all loss and damage that said defendant might thereafter, or at any time, suffer or be put to as a result of the purchase of said stock by the defendant, either on account of the

diminution in the value thereof or on account of depreciation or loss of the defendant's investment therein from any cause whatsoever." The defendant further alleges that after the purchase of said stock the assets of the Farmers State Bank of Page decreased and diminished in value so that in 1924 the bank was closed by order of the state banking board, and that to reopen the bank it was necessary to levy and to raise additional capital amounting to an increase of 150 per cent; that notwithstanding this was done the assets of the bank continued to diminish and in 1927 the state bank examiner on that account required that a portion of such assets be removed and charged off as worthless; that to meet such requirements the defendant paid the bank the book value thereof; that thereafter the assets of the bank continued to decrease and diminish in value and in the year 1928 had become worthless and the bank was finally closed by order of the banking board as insolvent, and that the stock thereof became and was of no value, and defendant asks damages in the amount of $3,500, the purchase price of the stock.

To this counterclaim the plaintiff demurred on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained this demurrer and the defendant appeals from the order made accordingly.

On this appeal plaintiff contends that the allegations of the counterclaim fail to show a valid and enforceable contract, for the reason, first, that the alleged contract is so indefinite as regards both time and terms as to render it unenforceable; second, that it fails to show the amount of loss and damage, if any, sustained by the defendant; third, that it appears that the defendant abandoned the alleged contract and waived any rights he might have had under it; and, fourth, that it affirmatively appears from the allegations of the counterclaim that the defendant was guilty of such laches as to deprive him of any remedy, if any he had, for the breach of the alleged contract.

The issues here arise on demurrer. The pleading thus attacked must be liberally construed. See § 7458, Comp. Laws 1913. All the intendments are in favor of its sufficiency. Peterson v. First & Secur. State Bank, ante, 1, 236 N. W. 722; Cammack Piano Co. v. Western Surety Co. 56 N. D. 262, 216 N. W. 561. Thus construed the counterclaim is sufficient.

The end sought in the construction of contracts is to ascertain the intention of the parties thereto and effectuate the same if it be reasonably possible to do so. Of course a pleading does not purport to set out all the facts and circumstances in connection with the transaction involved. These can be determined only upon a trial of the issues as made. However, it clearly appears from the allegations of the counterclaim in the instant case that the agreement as made by the plaintiff expressed an intention on his part to protect the defendant against any loss arising from any cause whatsoever that he might suffer by reason of his investment in the bank stock. It is true that the contract as pleaded does not expressly set a time for its performance or duration. But there is no uncertainty or indefiniteness in other respects. Nor do we think the counterclaim is subject to attack by demurrer because the time of the contract's duration is not expressed. Certainly the parties to it did not contemplate that it should endure beyond the corporate life of the bank whose stock was to be bought by the plaintiff. On the other hand, as business men, they must have intended that its assurance to the defendant should continue for a reasonable time at least. If their intention does not clearly appear, resort can be had to the surrounding circumstances to ascertain it. In this connection, see Rotch v. French, 176 Mass. 1, 79 Am. St. Rep. 292, 56 N. E. 893; Bullock v. Lewis, 22 Colo. App. 449, 125 Pac. 849; Fidelity & C. Co. v. Lawler, 64 Minn. 144, 66 N. W. 143; Norris v. Reynolds, 131 App. Div. 818, 116 N. Y. Supp. 106; Williston, Contr. § 38; Brandt, Suretyship & Guaranty, 3d Ed. § 184; 31 C. J. 429.

With respect to the contention that the counterclaim fails to allege the extent of the loss claimed to have been suffered by the defendant and for which he seeks to recover, it is sufficient to say that it is alleged that the stock became and was of no value whatsoever. Thus it appears that the defendant suffered loss in the amount paid for the stock.

Neither do we think it can be said that the defendant abandoned the contract upon which he bases his counterclaim, or that he waived any rights he might have had thereunder. It is true that in 1924 when an assessment was made against the stockholders, though he paid

this assessment, he then made no demand upon the plaintiff on account of any loss. But he was under no obligation to press his claim at that time. He was, of course, required to act reasonably with respect to the matter and it was proper for him if he could do so to take such steps as were reasonably necessary in order to prevent loss on the stock. Whether what he then or subsequently did was or was not reasonable is at least a question of fact that cannot be adjudged against him on demurrer. Likewise, with respect to the contention that he was guilty of laches so as to release the plaintiff from liability under the agreement. Implied waiver is born of laches, and is conceived only where prejudice results to an adverse party. The contract did not require the defendant to return or tender a return of the stock to the plaintiff. He was not bound to rescind the sale in order to secure relief. Defendant had a right under the contract to retain the stock and have his remedy against the plaintiff for any loss suffered by reason of its decrease in value, so that he lost part or all of his investment. Norris v. Reynolds, 131 App. Div. 818, 116 N. Y. Supp. 106, supra. Therefore, the mere fact that he may have delayed in making his demand against the plaintiff cannot be said to have injured the plaintiff. On the other hand, if defendant desired to retain the stock, he had a right to wait a reasonable length of time in order to ascertain, if he could, the extent of the loss he was to suffer. In any event, since the plaintiff was not entitled to a return of the stock it does not appear that he was injured in any degree by reason of the defendant's conduct either in paying assessments, in taking out bad paper, or in delaying in the making of his claim for damages. See Dalheimer v. Lucia, 50 N. D. 78, 194 N. W. 925.

Accordingly, the counterclaim sets out a good cause of action as against demurrer and the order of the district court must be and it is reversed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.