WESTERN SURETY COMPANY, A CORPORATION, APPELLANT, V. KERSEY WELTY ET AL., APPELLEES.

134 N. W. 2d 288

Filed April 9, 1965. No. 35878.

Munro, Parker & Munro and Jerry J. Grossart, for appellant.

Kenneth S. Gotobed, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

Plaintiff sues defendant Lee Welty on an indemnity agreement contained in an application for a fuel user's bond. The bond issued guaranteed payment of fuel taxes to the State of Nebraska. The district court sustained a motion for judgment on the pleadings and en-

tered a judgment dismissing the action because plaintiff's petition failed to state a cause of action. The plaintiff appeals. We reverse the judgment.

Defendant Lee Welty's motion for judgment on the pleadings was in substance and content a demurrer, will be treated as such, and therefore admits the truth of all well-pleaded facts and all reasonable inferences to be drawn therefrom. Watkins Products, Inc. v. Rains, 175 Neb. 57, 120 N. W. 2d 368; International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620.

The facts, as alleged in the petition considered with the exhibits attached, are that defendants Kersey and Lee Welty, as partners doing business as Welty Brothers Service Station, on October 31, 1958, both signed and executed an application for a special dealer's or user's bond with the plaintiff. The agreement in the application contained the following applicable language: "The undersigned applicant and indemnitors hereby request the WESTERN SURETY COMPANY, a corporation * * * to become surety for and furnish such bond or bonds, undertaking or undertakings *as may now or hereafter be required* by or on behalf of the above named applicant.

"* * * the undersigned jointly and severally in consideration of the Company * * * executing or guaranteeing any bond or bonds or undertaking or undertakings, * * * jointly and severally agree to indemnify and keep indemnified the said Company from and against any liability, and all loss, cost, charges, suits, damages, * * * and expenses * * * *which said Company shall at any time sustain or incur,* for or by reason, or in consequence of said Company having become surety or entering into such bond or bonds, or undertaking or undertakings." (Emphasis supplied.)

The bond that may "hereafter be required" is attached to the petition as exhibit A. It is a continuous surety bond and binds the defendants and the plaintiff to pay the State of Nebraska "all special fuel taxes, penalties

and interest, which may be assessed or imposed against said Principal." No time limitation or termination date is set out in the bond. It does have a provision for cancellation on 30 days' notice. This bond was executed for the partnership by Kersey Welty, one of the partners, as principal, and the plaintiff, as surety, on November 3, 1958. This bond was filed with the state, was never canceled, and was in full force and effect in November and December 1962 and January 1963, when fuel taxes of the defendant became unpaid and, as a result thereof, plaintiff paid the State of Nebraska $1,506.05 on April 3, 1963. Plaintiff demanded payment from the defendants and it was refused.

It seems apparent that plaintiff has stated a case. It alleges the indemnity agreement, the issuance of a bond pursuant thereto, payment to the state under the terms thereof, and demands for reimbursement from the defendant Lee Welty. No issue is presented as to the defendant Kersey Welty, the other partner, since a default judgment was entered against him in this case.

Defendant Lee Welty's only contention seems to be that the filled-in blanks in the application form referred to a bond expiring on October 31, 1959, and that the indemnity agreement could not therefore reach beyond that date. But, plaintiff had authority as set out above to issue such bonds as requested or required by defendants, and on November 3, 1958, it did obligate itself on the continuing bond. Defendants cannot say, under the allegations of the petition, that there was no authority on their behalf to execute such a bond, or knowledge on their part, because the partnership (by Kersey Welty) executed the continuous bond as principal. No matter what term of bond was referred to or contemplated in the application of October 31, 1958, the partnership actually consented to, signed, and secured the continuing bond issued on November 3, 1958, which had no termination date. The only reasonable inference to be drawn from the defendant partnership's act in signing the con-

tinuous bond as principal is that a 1-year bond was not desired, and the bond desired was the one the partners actually signed and obligated themselves on. Consequently, their obligation is measured by that part of the indemnity agreement covering any bond that may be requested or required, and the further obligation to indemnify for loss as a consequence of the company "having become surety or entering into such bond or bonds, or undertaking or undertakings."

A contract of indemnity continues in force during such time as is expressly or impliedly provided in the contract. Where no time is fixed, either party may end it at his pleasure, if he acts in good faith. 42 C. J. S., Indemnity, § 11, p. 578; Thompson v. Murphy, 61 N. D. 134, 237 N. W. 653; American Surety Co. of New York v. Blake, 54 Idaho 1, 27 P. 2d 972, 91 A. L. R. 153. The continuing bond, signed and executed by the partnership, thus binding the defendant Lee Welty, comes clearly within the circumstances contemplated by the indemnity provision of the contract. No termination by either defendant is alleged in the petition, although defendant Lee Welty alleged termination of the agreement in his amended answer filed before the issue of the sufficiency of plaintiff's petition was raised by his motion for judgment on the pleadings.

The judgment of dismissal is reversed and the cause remanded for trial on the issues raised by the petition and the amended answer.

REVERSED AND REMANDED.