Kusler *et al. v.* Crofoot.

No. 7732.

## KUSLER ET AL. *v.* CROFOOT.

ACCORD AND SATISFACTION.—*Judgment.—Promissory Note.—Answer.*—In an action upon promissory notes, an answer that the notes were given to satisfy a judgment, and that the payee did not enter satisfaction, as he agreed, before their maturity and before the death of the judgment debtor, but failing to aver that satisfaction thereof had not been made before the commencement of the action, is insufficient on demurrer.

SAME.—*Acceptance and Withdrawal.*—An accepted accord makes satisfaction. To prevent satisfaction, the proposition for accord must be withdrawn before acceptance.

SAME.—*Satisfaction of Record.*—An acceptance of notes in satisfaction of a judgment debt discharges the debt, and satisfaction of record may be enforced at any time.

EVIDENCE.—*Mortgage.—Special Non Est Factum.—Delivery.—Practice.—Harmless Error.—Execution.*—Upon trial of an issue formed upon an answer of *non est factum*, denying only the delivery of a mortgage sued on, it is harmless error to permit the plaintiff to introduce the mortgage in evidence and then make proof of its delivery. Delivery is a necessary part of the execution of a written instrument.

SAME.—*Transcript.—Placita.—Foreign Judgment.*—It is not error to refuse to admit in evidence a transcript of a judgment rendered in another State,

which contains no *placita* and does not show the date of the judgment, and does not profess to contain a complete copy of the proceedings in the case.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellants.

*L. Jordan, W. T. Jones* and *S. J. Wright,* for appellee.

FRANKLIN, C.—Appellee brought suit on three promissory notes executed to him by one Frank Kusler, Jr., as principal, and the other appellants as sureties, and to foreclose a mortgage executed by appellants Frank Kusler, Sr., and wife, to secure the payment of the notes.

The defendants answered jointly, in five paragraphs; the 2d, 3d and 4th were separately demurred to, and demurrers sustained. The defendants Frank Kusler, Sr., and wife, answered separately by a special *non est factum,* that the mortgage was never delivered. Issues were formed, trial by the court, finding and judgment for appellee.

Appellants have jointly assigned for errors the sustaining of the demurrers to the 2d, 3d and 4th paragraphs of their answer, and the overruling of their motions for a new trial.

Appellants Frank Kusler, Sr., and wife, have separately assigned for errors:

1st. The overruling of their motion for a new trial.

2d. For sustaining appellee's motion to strike out their motion for judgment notwithstanding the finding of the court.

3d. Overruling their motion in arrest of judgment.

Appellant Genthert separately assigned for errors:

1st. The overruling of his demurrer to the 4th paragraph of appellee's answer to his cross complaint.

2d. For sustaining appellee's motion to strike out his motion for judgment notwithstanding the finding of the court.

3d. Overruling his motion in arrest of judgment.

Appellants Frank Kusler and wife and Genthert separately assigned for error, the overruling of their motion to modify and correct the judgment.

The death of appellee, and the appointment of Jacob P. Goodson as his executor, since the filing of this appeal, have been suggested in the record.

The 2d, 3d and 4th paragraphs of appellants' joint answer each substantially stated that the notes were executed for and in consideration of a judgment indebtedness due from said Frank Kusler to appellee, for one thousand dollars and interest from the year 1864; that Kusler delivered them to appellee in October, 1872, in satisfaction of said judgment; that appellee received them, agreeing to enter satisfaction of the judgment; that he did not enter said satisfaction prior to the maturity of the notes and the death of the judgment debtor, which death occurred in May, 1876; that the arrangement remained an unexecuted proposition until the death of the principal, and that his death operated as a withdrawal of the proposition and thereby released all the parties from any liability on the notes.

Neither of these paragraphs states facts sufficient to constitute a defence. There was no averment in either of the paragraphs of answer that satisfaction of the judgment had not been entered of record before this suit was brought.

A promise is a sufficient consideration to support a promise. The acceptance of a new obligation for a less sum, with additional security, in agreement of satisfaction, operates as a discharge of the old, and satisfaction can, at any time, be enforced. An accepted accord makes satisfaction. To prevent satisfaction, the proposition for accord must be withdrawn before its acceptance.

When the appellee accepted the notes in satisfaction of the judgment debt, and agreed to enter satisfaction of the judgment, the judgment was thereby satisfied, and satisfaction of record could have been enforced at any time afterward. 2 Pars. Con. 683; 2 Greenl. Evidence, sections 28 and 31.

Counsel for appellants have referred us to the case of *Heeg* v. *Weigand*, 33 Ind. 289, and *Armstrong* v. *Cook*, 30 Ind. 22. Neither of these cases is applicable to the facts in this case.

We see no error in sustaining the demurrer to these paragraphs of answer.

The third cause assigned in the joint motion for a new trial was the rejection, in evidence, of the transcript of the judgment in the common pleas court of Jefferson county, Kentucky, which was the basis of the notes sued upon.

The blank *placita* in the beginning of the transcript did not show the date of the rendition of the judgment, and the transcript did not profess to contain a complete copy of the proceedings in the case. There was no error in rejecting the transcript as evidence.

Under the separate assignment of errors by Frank Kusler, Sr., and wife, in their motion for a new trial, they complain of the admission in evidence of the mortgage to appellee, before proof had been made of its execution. Their answer was a special and not a general *non est factum*. They admitted the signing of the mortgage, but denied its delivery. Under this answer, the plaintiff, having possession of the instrument, and its signature being admitted, had a right to introduce the mortgage as evidence and then make his proof as to the delivery, which was done. *Pate* v. *First Nat'l Bank, etc.*, 63 Ind. 254; *Brooks* v. *Allen*, 62 Ind. 401; *Carter* v. *Pomeroy*, 30 Ind. 438; *State, ex rel.*, v. *Blair*, 32 Ind. 313.

But if this was error, it was harmless, for the reason that when proof had been made of the delivery of the mortgage, it would then undoubtedly have been admissible as evidence.

Counsel for appellant have referred us to a number of authorities to establish the principle, that a delivery is a necessary part of the execution of an instrument. This is too plain a proposition to need the citation of authorities.

We find no available error in the introduction of the mortgage as evidence.

None of the other assignments of error have been discussed or insisted upon by counsel, and therefore may all be considered as waived.

We see no available error in this record.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the costs of appellants.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.