SOUTHERN DEPARTMENT—CENTRAL DIVISION.
MAY TERM, 1896.

CHRISTIAN MAYER v. JOHN SPARKS *et al.*
No. 116.

1. JUDGMENT—*Satisfaction—Proper Remedy.* It is error for the court to order the satisfaction of a judgment in a cause, upon motion filed therein, where the facts claimed to justify such satisfaction arise outside of the court and are disputed, and where parties are interested in a judgment who were not parties to the original action, and who are not served with notice and do not appear upon the hearing of said motion. In such a case the only proper and adequate remedy for the satisfaction of a judgment is by a separate action in which all who are interested are made parties.

2. ——— *Assignment by Attorney.* An attorney at law has no authority by virtue of his general employment as an attorney, and without special authority from his principal, to assign a judgment belonging to such principal.

3. CONTRACT—*Minds Must Meet.* Where the minds of the parties never meet upon the same thing there can be no valid contract.

MEMORANDUM.—Error from Barber district court; G. W. McKay, judge. Action by Christian Mayer against John Sparks and others to recover on a note and mortgage. Judgment for plaintiff. From an order satisfying said judgment plaintiff brings the case to this court. Reversed. The opinion herein, filed June 3, 1896, states the material facts.

*Thornton W. Sargent,* for plaintiff in error.

*G. M. Martin,* for defendants in error.

The opinion of the court was delivered by

COLE, J.: Christian Mayer brought an action in the district court of Barber county, Kansas, against

Daniel M. Byroad and wife, John Sparks and Ratliff Sparks, and others, upon a certain note and mortgage, and in February, 1893, recovered a personal judgment against Byroad and wife, as the makers of the note and mortgage, and against John Sparks and Ratliff Sparks, who had purchased the land mortgaged and agreed to pay said mortgage. He also obtained a decree of foreclosure of the land, which was afterward sold, and after the proceeds of the sale had been properly credited there remained a deficiency judgment against John Sparks and Ratliff Sparks for $735.13.

The premises sold under the mortgage were purchased at said sale by Albert Bromer. In December, 1893, an execution was issued against the property of Sparks and Sparks for this deficiency judgment, which execution was returned for want of time in which to sell, and in February, 1894, an *alias* execution was issued for the same purpose. While this execution was outstanding, and in March, 1894, John Sparks and Ratliff Sparks filed a motion in the district court of Barber county asking for an order for the recalling of such execution, assigning various grounds therefor, and also asking that the judgment of Christian Mayer against John Sparks and Ratliff Sparks be adjudged fully satisfied. Upon the hearing of said motion the court ordered the satisfaction of said judgment, and from this order Christian Mayer brings the question here for review.

The first error complained of is that the court had no right to order a satisfaction of the judgment upon motion in this case. We consider this position as well taken. The record discloses that some kind of an assignment of this judgment had been made to Cook & Palmer, and also an assignment by Cook &

Palmer to one Atkinson. No notice was served upon Atkinson or Mayer of the hearing of this motion, and while certain attorneys appeared upon behalf of Mayer, the record discloses that they stated at the time of the hearing that they appeared without authority from Mayer, and only because no time had been given to communicate with him, and for the reason that said attorneys had represented him in procuring said judgment.

It is true that, as between a judgment debtor and creditor, the court will entertain a motion to satisfy a judgment where the facts are not controverted and the proceedings are of record in the court hearing the motion. But in this case Mayer, who was interested, had no notice of the motion, and no one appeared by authority for him. Atkinson, who, the evidence disclosed, had some kind of an assignment of the judgment, had no notice of the motion, and had not appeared in any manner. Under such circumstances, where parties who were not interested in the original cause of action claim an interest in the judgment, the court ought not to hear and determine a motion for the satisfaction of said judgment in the absence of the interested parties, and without notice to them. The only adequate and proper remedy in such a case is by a separate action where all parties claiming an interest are brought before the court. (Freeman, Judg. [4th ed.] §480; *McCutcheon v. Allen*, 96 Pa. St. 319.)

The second point raised by the plaintiff in error is that the court erred in admitting evidence of the alleged assignment of the judgment from Christian Mayer to Cook & Palmer. It appears that, after the *alias* execution in the case of Mayer against Byroad, Sparks, *et al.*, was issued, the firm of Cook & Palmer entered into certain negotiations with T. A. Noftzger,

who was the attorney of Christian Mayer in the fore-closure case, for the purchase of the land sold under the foreclosure and the satisfaction of the deficiency judgment remaining against Sparks.   For the purpose of carrying out these negotiations, Noftzger telegraphed to Bromer, who was the owner of the land, a certain proposition.   The message was made as short as possible, and while it was intended by Cook & Palmer and Noftzger to convey to Bromer the idea that a sale of the land was also to include a satisfaction of the Mayer judgment, it was not so understood by Bromer.   The acceptance of the proposition by Bromer, as he understood it, was the only authority which Noftzger had for the assignment to Cook & Palmer, outside of the authority he might possess as the attorney of Mayer in the foreclosure case, and this fact was known to Cook & Palmer at the time. The record further shows that it was agreed between Noftzger and Cook & Palmer that the sale should not be considered complete until Bromer had seen the papers and ratified the deal.   When the papers were sent to Bromer, he immediately, upon receiving a full understanding of the matter, refused to consent to the sale as proposed, and Noftzger thereupon offered to return the money and notes which he had received from Cook & Palmer.

An attorney has no power, by virtue of his general employment, to assign a judgment belonging to his principal.   In this case there is but one conclusion to be drawn from the evidence, and that is, that Noftzger never received any special authority from Mayer to assign said judgment.   This being the case, the assignment made by Noftzger had no validity and was improperly received in evidence.   (Freeman, Judg. § 430; *Jones v. Inness*, 32 Kan. 177.)

The next assignment of error is that, even admitting the authority of Noftzger to make the assignment in question, he would then simply be acting as an agent of Bromer, and could only bind him so far as he followed the direction of his principal. We consider this question of but little importance in this case, for there is no testimony which connects Bromer, the owner of the land, with Mayer, the owner of the judgment, in such a manner as would authorize either Bromer or his attorney to attempt any release of the judgment in question. It is, however, plain from the record that the mind of Bromer upon the one hand, and the minds of Cook & Palmer upon the other, did not meet upon the proposition, and, therefore, no valid contract was entered into between them.

We are clearly of the opinion that, for each and all of the reasons above set forth, the district court committed error in ordering the recall of the execution and the satisfaction of the judgment in question.

The judgment is reversed, and this cause remanded, with instructions to the district court of Barber county to deny the motion.

All the Judges concurring.