## Daniel McLaughlin v. The First National Bank of Pana, Illinois.

1. JUDGMENTS—*Wrongful Refusal to Satisfy of Record.*—It is actionable for a judgment creditor, after he has been paid his judgment in full, to refuse or neglect to satisfy of record such judgment within a reasonable time after he has been paid, and by his debtor requested so to do.

Trespass on the Case, for refusing to satisfy a judgment of record. Appeal from the Circuit Court of Christian County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with instructions. Opinion filed December 2, 1897.

McLaughlin v. First Nat. Bank.

JAMES B. RICKS and J. C. McQUIGG, attorneys for appellant.

A tort is one's disturbance of another in rights which the law has created, either in the absence of contract or in consequence of a relation which a contract has established between the parties.  Of course, a wrong must be of a sort which the law redresses;  not a mere infraction of good morals.  Bishop on Non-Contract Law, Sec. 4.

A right can not be recognized until the principle is found which supports it, but when the right is found the remedy must follow, of course.  A maxim of law that wherever there is a right there is a remedy, is a mere truism.  Cooley on Torts, 2d Ed., 20.

A judgment is, in law, presumed to be an existing debt for the period of twenty years, unless satisfied of record.

A judgment of a court of record being a lien upon real estate for seven years, with the right in the holder to issue an execution thereon, even after a longer time, it is the duty of the holder to satisfy the same upon payment.  And if he fails to do so, a court of equity and a court of law as well, has power to compel him to enter satisfaction and tax him with the costs thereof.  Black on Judgments, Sec. 1014; Briggs v. Thompson, 20 Johns. 294; 12th Am. and Eng. Enc., 150.

W. M. PROVINE and J. C. McBRIDE, attorneys for appellee.

The losses and damages alleged by appellant to have been suffered by him are remote and not the proximate consequences of the act of appellee complained of.  "The damage to be recovered must always be the natural and proximate consequence of the act complained of.  This rule is laid down in regard to special damage, but it applies to all damage."  Greenleaf on Evidence, Vol. 2, Sec. 256 (Tenth Ed.); Parson on Contracts, Vol. 3, pp. 178, 179, 180 (Fifth Ed.); Sutherland on Damages, Vol. 1, pp. 76, 77, 78, 79; Sedgwick on Damages (Seventh Ed.), 122, *et seq.*, and 126, note a; Travis v. Duffau, 20 Texas, 49.

Profits which appellant might have made in his business,

when even the loss of them might have been the natural consequence of appellee's omission, are not to be allowed for the reason that they are speculative, conjectural and contingent. Appellant is only able to show that he might have made the profits if appellee had not committed the wrong. If the profits are such as would have accrued and grown out of the contract itself as the direct and immediate result of its fulfillment, then they should be allowed; but if they are such as would have been realized by appellant from other independent and collateral undertakings, then they are too uncertain and remote to be taken into consideration as part of the damages occasioned by the act or omission of appellee. Sedgwick on Dam., Vol. 1, 135, note. (7th Ed.)

Damages caused by loss of future profits, resulting from the wrongful levy and seizure of a stock of merchandise, are too remote and uncertain to be allowed. Casper v. Klippen, 61 Minn. 353; 63 N. W. Rep. 737.

In an action upon an attachment bond, the rule restricting the recovery to the natural and approximate damages will exclude any claim of damages for injuries to credit and business. Sutherland on Dam., Vol. 1, 98; State v. Thomas, 19 Mo. 613.

The rules laid down have been sustained in our own Supreme Court in the following cases: Green v. Williams, 45 Ill. 206; Frazer et al. v. Smith et al., 60 Ill. 145; Chicago, B. & Q. R. R. Co. v. Hale, 83 Ill. 360.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellant brought an action on the case in the Circuit Court of Christian County, against appellee, and in his declaration filed therein, consisting of four counts, the material averments were : That he was a merchant and a member of the firm of D. M. McLaughlin & Hombeck Bros., doing business in Cowden, Shelby county, Illinois, as dealers in general merchandise; and that he also conducted a mercantile business at Lakewood, in said county, and was a

partner, as dealer in hay and grain at said Lakewood, of Herrick & Dressler in said county; and was sole owner of a mercantile business in general merchandise at Flora, in Clay county, Illinois; and a dealer in grain in said Clay county and adjoining counties, conducting his said business with punctuality in paying his debts, and enjoying the credit and esteem of his neighbors, the banks, wholesale merchants and all persons with whom he had dealings; that all of said businesses were conducted largely upon his credit, and that he derived large gains and emoluments therefrom; that he possessed valuable real estate in said counties of Clay and Shelby; that prior to February 16, 1894, said firm of D. M. McLaughlin & Hombeck Bros. became indebted to appellee in the sum of $4,000, for which said firm gave it a judgment note, which appellee on said last named date, reduced to a judgment by confession, and caused execution to issue thereon at once; also caused a transcript of said judgment to be filed February 19, 1894, in the office of the clerk of the Circuit Court of said Clay county, where appellant resided; that on February 17, 1894, appellant paid to appellee said judgment and costs; and thereupon it was the duty of appellee to satisfy and release said judgment of record in both of said counties, which he promised appellant he would do. Yet the appellee, knowing the premises, but contriving and wrongfully intending to injure and destroy the good name, credit and business of appellant, and cause him to be regarded as a person of no credit, worth or substance, and although appellant often requested appellee so to do, he (appellee) did not, nor would release and satisfy said judgment of record, but permitted and suffered the same to stand unsatisfied of record until October 31, 1895, by means whereof appellant was injured in his credit, trade and business; and that one Lewis Parsons, who before then had undertaken to loan appellant $5,000 for three years, and had advanced him $3,000 thereof on the representation of appellant that said judgment was satisfied, the remaining $2,000 to be furnished upon appellant's procuring an abstract showing the satisfaction thereof, upon finding that said record was not satisfied, demanded the

repayment of said $3,000, and refused to loan appellant the other $2,000 as agreed; that large orders of goods were, in consequence of said judgment standing unsatisfied of record, refused to be shipped to appellant by wholesale houses, and he was deprived of the benefit thereof; and particularly the firm of P. F. Aelzer, Sutton & Co., of Chicago, with whom appellant had largely dealt before and had enjoyed large credit, received appellant's order for goods, and in consequence of said judgment standing unsatisfied of record, refused to ship same, etc.; and that in consequence of the injury to the appellant's credit by the neglect and refusal of appellee to enter said judgment satisfied of record for said time, the credit and business of appellant were wholly ruined and he was obliged to surrender his business to his creditors; and that he was otherwise injured to his damage of $20,000, etc.

To this declaration and each count thereof, appellee interposed in the court below a general demurrer, and assigned the following special reasons why it should be sustained, viz.: "That the damages alleged to have accrued in the first, second and third counts of said declaration, to wit, that he had, by reason of the allegations in said declaration, been greatly injured in his business, credit, reputation, and subject to suspicion and distrust by the wholesale merchants, dealers and mercantile agencies of the country and the business public in general, and his business had been wholly destroyed; and the allegations as to damages in the fourth count of said declaration * * * as therein contained, are not damages that would legitimately accrue to plaintiff (appellant) by reason of the acts complained of." The trial court sustained said demurrer, and gave judgment against appellant in bar of this action and for costs. Appellant excepted to the action of the court in sustaining said demurrer to said declaration, and stood by his declaration; and he brings this case to this court by appeal, assigning as error the action of the court below in sustaining said demurrer and rendering said judgment.

Appellee, in its brief, contends that said declaration is bad as against its demurrer because, it says, "the act of omission

complained of is the failure of appellee to satisfy of record a certain judgment it had against appellant, * * * and as a result of such omission appellant's credit has been destroyed, * * * and he has suffered great business losses, etc.   These are not the natural, probable or legitimate consequences that would ordinarily flow or would be likely to follow from the act or omission complained of."

We think, however, that the declaration discloses a good cause of action, and that the court below erred when it sustained the demurrer of appellee thereto.

It is actionable for a judgment creditor of a tradesman, after he had been paid his judgment in full, to refuse or neglect to satisfy of record said judgment within a reasonable time after he has been paid, and by his said debtor requested so to do; because the natural and probable effect of such refusal or neglect is to injure such tradesman in his credit and business; and for such injury such tradesman may recover such damages as a jury would find to be a reasonable compensation for the injury to his credit and business caused by such failure or refusal.   The character of such tort, and the measure of damages therefor, are well stated by our Supreme Court in the case of Schaffner et al. v. Ehrman et al., 139 Ill. 109.

We therefore reverse the judgment of the Circuit Court of Christian County herein, and remand this case to that court, with instructions to that court to overrule the demurrer of appellee to appellant's declaration, and for such further proceedings herein as the law permits.

Reversed and remanded with instructions.