J. A. GALVIN, Appellant, v. A. W. TAYLOR et al., Appellees.

EQUITY: Doing Equity—Reformation of Deed—Refusal to Surrender Advantage. The grantee in a deed of conveyance who has obtained a decree quieting his title on the plea that the deed was in satisfaction of the grantor's prior mortgage on the land may not, *while insisting on all the advantages accruing to him under the decree,* have the deed so reformed as to include the grantor's homestead, on the claim that the homestead was mistakenly or fraudulently omitted from the deed.

Headnote 1:  21 C. J. p. 180.

*Appeal from Marion District Court.*—W. G. VANDER PLOEG, Judge.

MARCH 15, 1927.

REHEARING DENIED JULY 1, 1927.

Suit to reform a deed, tried with a petition by the defendants to vacate a decree in a former action on the deed. The court dismissed both petitions. Both parties appeal.—*On both appeals affirmed.*

*Hays, Hays & Heer* and *Devitt & Eichhorn,* for appellant.

*Lappen & Carlson* and *T. V. Hart,* for appellees.

MORLING, J.—I. The defendants were owners of a tract of land used as a farm, a part of which had been platted into town lots. There were two houses upon the land. One of them, constituting the home of defendants Taylor, together with some of the outbuildings, was situated upon some of the platted lots. The defendants Taylor gave mortgages describing the greater part of the land owned by them, but the descriptions did not include the lots upon which their residence and some outbuildings were situated. The Citizens Bank, in the name of which plaintiff and his associates were doing business, held one of these mortgages. The Taylors were in default on the mortgages, in consequence of which they gave to plaintiff, for the Citizens Bank, a deed. The plaintiff's claim is, in substance, that the Taylors represented to him and his associates that the description in the mortgages included their residence property, and that the deed was accepted and the description in it inserted in accordance with the mortgage description, in reliance on that representation. When the deed was given, a contract was made, by which the Taylors were to have possession during a specified period, and in case the farm was sold by the bank, all that was received from the sale should "apply against all indebtedness and all over and above the total indebtedness shall go to the first parties," the Taylors. Afterward, plaintiff and his associates brought suit against the Taylors and others, setting up the note given by the Taylors to them for their indebtedness, the mortgage, deed, and contract, and alleging that the mortgage, deed, and contract, were given in connection with the Taylors' indebtedness; that the Taylors had not complied with the contract, or paid the indebtedness; and that, by reason thereof, the title under the deed was vested in the plaintiffs. They alleged in that

suit that the Taylors claimed that the deed constituted a mortgage only. They tendered the note into court, for cancellation. The prayer there was that title be quieted; and further, if the deed and contract were held to be a mortgage, that the mortgage be foreclosed. Taylors made default, and the plaintiffs took decree quieting title to the premises, as described in the mortgages and deed. By the present suit, the plaintiff seeks to reform the deed, for fraud and mistake, by incorporating in the description the lots upon which the home and other outbuildings referred to are located. Plaintiff makes no offer to relinquish the decree or the advantages which he has obtained under it. On the contrary, one of his associates testifies:

"We never made any accounting to A. W. Taylor by paying any excess provided by Exhibit 1, but we have tried to collect the deficit. It is our purpose to keep everything we have, and every right we have obtained, if any, in the cause of action entitled 'J. A. Galvin *et al.* v. A. W. Taylor, No. 9988,' regardless of any advantages we may have obtained in this action. In other words, we are not willing, and have not been willing, to surrender any rights that we have obtained in the action referred to, being No. 9988" (the action to quiet title).

The Taylors were entitled to be heard on the question whether the mortgages and deed given by them were intended to convey their home. When plaintiff brought the suit to quiet title, the Taylors had the right to set up that the deed was, in equity, a mortgage; that they were entitled to have it foreclosed as such, and to make redemption accordingly. The contract and petition in the action, recognizing, as they do, the continued indebtedness of the Taylors, would furnish a plausible basis for such a defense, aside from other evidence which defendants might offer. In determining whether they would take advantage of such possible defense in that action, defendants would take into account the value of the property which the plaintiffs by their petition were proposing to accept in satisfaction of the indebtedness. If the plaintiff had then asserted the right to a reformation (he claims, of course, that he did not then know of the error), defendants could have asserted their defense thereto. In the particular case, also, whether the suit were in one form or the other, defendants would take into account their home and homestead

rights, and both the legal and sentimental value thereof. In determining whether or not to defend or redeem, the exclusion or inclusion of the residence would be a very important consideration. The plaintiff, by his decree quieting title, and his insistence thereon, has secured, and is insisting upon, a complete bar against the defendants from now asserting their rights of defense and rights of redemption. He is seeking peremptorily to take the entire property at a price which by his decree he was to pay for a part of it, and to summarily evict the defendants from their home and exclude them from the right to redeem it which they assert that they had on at least apparent ground. The plaintiff is, in his reply here, setting up the decree there as *res adjudicata,* and the deed as an abandonment of homestead rights. That such a cause does not appeal to the conscience of the court, and is repugnant to fundamental principles upon which a court of equity puts forth its peculiar remedies, appears to us to be clear. *Fisher v. Villamil,* 62 Fla. 472 (56 So. 559, 39 L. R. A. [N. S.] 90) ; 65 Fla. 488 (62 So. 481), and cases cited; 1 Pomeroy on Equity Jurisprudence (4th Ed.), Sections 385, 397, 398; *Richardson v. Roberts,* 148 Iowa 345; *Kagy v. Independent Dist.,* 117 Iowa 694; 21 Corpus Juris 179–181; *Dow v. McVey,* 174 Iowa 553.

Defendants have filed motion to dismiss the plaintiff's appeal and to strike argument because the argument was not filed within the time permitted by the rules. As the case has been fully argued, and no delay or prejudice appears, the motion will be overruled. On the plaintiff's appeal, the decree will be affirmed.

II. The defendants filed petition to vacate or modify the decree quieting title. The original notice in that case was served for the term beginning September 30, 1924. (Served on the 19th day of August, 1924.) Default was entered October 4, 1924, and decree October 24, 1924. The evidence in support of the petition to vacate the decree is, in substance, that defendant A. W. Taylor, on the first day court convened, directed W. H. Lyon, an attorney, "to have this case continued until the next term. He said he would appear. * * * I did not answer or plead in the case, because I employed Mr. Lyon to look after it. I relied on him. I did not know there was a default in the case until December. I found out then by inquiring from the clerk's

office. * * * I saw Mr. Lyon on the morning either of the 30th of September or the first of October. * * * Sometime during the October term of court, I saw Mr. Lyon at the courthouse, and he told me the case had been continued."

Defendant also testified that, a few days after the notice was served, he saw one of the plaintiffs in that action. "He did not say whether he would or would not let the matter go over." Defendant says, however, that the plaintiffs stated that they did not want the land; that they were talking about getting an increased loan, and one of the plaintiffs assured defendant that there was nothing being done in the case. Defendant wrote a letter to Mr. Lyon, dated October 1, 1924, in which, after referring to another matter, he says:

"There is one thing I forgot to talk with you about when in your office today, and that is the Citizens Bank has started an action against my wife and I on the home place. I am making arrangement to pay them from three to five thousand dollars and Chester Gose agreed today that if we could do that they would give me three years longer to pay the bal. * * * I wish you would look after this for me and have it continued, as I could never get justice before" (one of the judges named).

This contradicts defendants' testimony. Mr. Lyon testifies that defendant did not mention to him the case in question,— did not retain him; and that he never told defendant that he had secured a continuance. Mr. Lyon says that he received the letter October 3, 1924, and paid no attention to it. Defendants do not claim that they laid their case before the attorney, or that they then intended to defend, or asked the attorney to defend. The most that they claim is that they requested the attorney to obtain a continuance. There was no agreement that the case should be continued; no mistake, surprise, misfortune, or excusable neglect. The only record entry on the petition to vacate shown in the abstract is a ruling apparently contained in the bill of exceptions that the motion to set aside the decree is overruled. If this may be construed as showing an appealable judgment, it was right, and is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.