## HENRY A. KRUSEN, RESPONDENT, v. HIGHLAND PARK LUMBER COMPANY, APPELLANT.

Argued May 17, 1927—Decided February 6, 1928.

For the appellant, *Burnett & Murray.*

For the respondent, *George D. Hendrickson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, as assignee of Crombie & Company, Incorporated, brought this suit on a claim against the defendant for two carloads of lumber sold by the Crombie concern to it in January, 1925. The plain-

tiff claims an unpaid balance due on the shipment, amounting to $1,299.20, and brought this suit to recover that amount. The validity of his claim was not contested by the defendant, but it set up by way of counter-claim that some years before the defendant had ordered from Crombie & Company another carload of lumber, guaranteed to be of a specified grade and of certain measurements, for $2,349.82; that the lumber shipped on this order was not of the kind or sizes specified by the purchaser; that it notified the Crombie company of this fact; that the latter thereupon inspected the lumber, and after doing so admitted the justice of the defendant's claim; that thereupon the parties entered into an agreement by the terms of which the price of the carload was to be reduced from $110 to $100 per thousand feet; that the defendant was to retain this carload, pay for all of it at the reduced price by giving a trade acceptance therefor, and use as much of it as it could, and that the Crombie concern upon notice that any part of the shipment could not be used by the defendant, was to send for such part and take it off the latter's hands, and then refund the payment at the rate of $100 per thousand feet for the returned lumber; that, in pursuance of this arrangement, the defendant gave the Crombie company its trade acceptance for $1,967.83, which covered the whole carload at the $100 rate; that the defendant carried out the substituted agreement, used as much of the lumber as it could in its business, and then notified the Crombie concern that it had on hand some twelve thousand five hundred and ten feet which was unusable by it, and that it held the unused lumber subject to the Crombie company's order, and at the same time claimed the agreed upon rebate, it having paid the trade acceptance at maturity; and that, notwithstanding this demand, the Crombie company refused to return the overpayment.

When the case came on to be tried, the court, after hearing the opening of counsel for the defendant, which contained a recital of the facts mentioned, including a statement of the provisions of the trade acceptance, considered that the making and delivery of the trade acceptance constituted an accord and satisfaction so far as the defendant's counter-claim was concerned, and, holding this view, declined to

hear any testimony, and directed a verdict allowing the plaintiff the full amount of its claim and disallowing the defendant's counter-claim. From the judgment entered upon this directed verdict the defendant has appealed.

In our opinion, the action of the trial court in disallowing the counter-claim of the defendant was without legal justification. The trade acceptance contains nothing that is even suggestive of an accord and satisfaction. It merely recites that the obligation of the acceptor (the defendant) arises out of the purchase of goods from the drawer—that is, from the Crombie company—and contains nothing contradictory of the facts set out in the counter-claim, and it was given upon the promise of the vendor of the lumber that it would accept a return of so much thereof as could not be used by the defendant, and would return so much of the purchase price as represented the payment on such unused lumber. That such a promise would be valid and enforceable against the vendor if the payment had been made in cash, instead of by the delivery of the trade acceptance, seems to us to be beyond doubt (*Glover* v. *Collins,* 18 *N. J. L.* 232), and the method of the payment, in our opinion, is immaterial, so far as the binding effect of the promise is concerned.

The right of the defendant to set up this counter-claim in the present suit as against the assignee of the Crombie company is not contested.

For the reason indicated, the judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.