A. W. TAYLOR et al., Appellants, v. B. F. HEINY et al., Appellees.

No. 40399.

OCTOBER 21, 1930.

*Lappen & Carlson* and *Utterback & Forrest,* for appellants.

*Vander Ploeg, Hays & Heer,* for appellees.

KINDIG, J.—B. F. Heiny, J. A. Galvin, and C. L. Gose, of the defendant-appellees, are copartners, operating a bank under the name and style of Citizens Bank of Pleasantville, also desig-

 nated a defendant and appellee. A. W. Taylor and Mayme Taylor, plaintiffs and appellants, are husband and wife. It appears that the appellants transacted business with the appellees for many years. Such business transactions included the borrowing of money, the execution of mortgages, etc. Some phases of certain controversies between the appellants and several of the appellees may be found in *Rankin v. Taylor*, 204 Iowa 384, and *Galvin v. Taylor*, 203 Iowa 1139.

As a result of previous business dealings, the appellants, on February 28, 1923, were indebted to the appellees in three different sums. One of such sums was an obligation for $10,000, plus interest, secured by a real estate mortgage upon 336 acres of appellees' land in Marion County, and the other two sums represent indebtednesses in the form of judgments in the Marion County district court for $2,309.30 and $2,198.05, respectively. The mortgage was dated February 25, 1920, and the judgments, in the order named, were dated October 27, 1921, and February 8, 1922. Thus the matter stood on February 28, 1923, aforesaid.

Because appellants were delinquent in the payment of interest on the $10,000 and prior mortgages, appellees demanded an adjustment. So the appellee Gose, representing the bank and the other appellees, demanded and received from the appellants a deed for 113 acres of land in Marion County on February 28, 1923, the date before mentioned. Dispute arises concerning the consideration for that deed. Nominal consideration of one dollar is the only amount named in the instrument itself. Both appellees and appellants agree, however, that such was not the true consideration. Appellants maintain that the real consideration was the satisfaction of the $10,000 mortgage and the two judgments aforesaid, while appellees insist that the consideration was the cancellation of the aforesaid mortgage only. Consequently, appellees refuse to satisfy and cancel the judgments of record, although demand in writing so to do was made upon them by the appellants. This proceeding was brought, therefore, by the appellants to obtain the cancellation and satisfaction of the judgments and damages because of appellees' failure to perform their duty in the premises.

In its judgment, the district court refused appellants the

relief prayed by them, and dismissed their petition. Hence appellants ask that the district court's judgment be reversed.

I. Manifestly, the first question for our determination is one of fact only. It relates to the consideration in the above-named deed. What was that consideration? A settlement of the dispute will constitute an answer to that interrogatory. Appellees have not favored us with a brief or argument, but appellants, on the other hand, have argued the·facts extensively.

Taylor and his wife both testified that the consideration for the deed to the 113 acres embraced not only the satisfaction of the $10,000 mortgage, but the cancellation of each judgment, as well. Corroboration for this testimony may be found in certain facts and circumstances. These are:

First: At the time the deed was executed, a separate written agreement was also signed by the appellees and the appellants. That agreement recognized the execution of the deed, and further stated that the appellants should have the use of the farm until March 1, 1924, if they paid certain rentals, consisting of both cash and grain. Then this instrument provided that the appellants "shall have the privilege to redeem said farm at any time during the year 1923 and until March 1, 1924, provided always that [the appellees] shall receive the full amount due them on the mortgage, judgments, etc., and also on all payments that it may be necessary for the bank to keep the title to the farm in good standing." Reference is made in the document aforesaid to "judgments." Parenthetically it is recalled that the two judgments in controversy were in existence at that time. Why, then, was it necessary for appellants to pay judgments in order to redeem, if, in fact, those judgments were not a part of the consideration for the deed? Explanation is offered by appellees to the effect that the consideration for the deed was a payment of the $10,000 mortgage, but that, in order for the appellants to redeem, it was essential to pay, in addition to that consideration, the judgments named. Apparently appellees' claim indicates a strained effort on their part to avoid satisfying and canceling the judgments.

Second: Through the transaction, appellees were receiving most, if not all, of appellants' land. Obviously, appellants were vitally interested to know that all indebtedness to appellees was fully paid. They mentioned the judgments under con-

sideration, and appellee Gose, who drew the writing in question, put judgments therein without definitely saying what actually was the consideration for the deed. Under all the circumstances, it would have been natural for Gose, a banker, to have expressly excluded the judgments if he did not want them included within the consideration for the deed. Moreover, it has been decided by the Marion County district court in other litigation, and both appellees and appellants now, in effect, agree that the deed was absolute in form, and not in any manner a mortgage. Thereby appellants forfeited the right of redemption afforded them by statute, and assumed the larger burden of redeeming only when paying the mortgage, judgments, and other indebtednesses. Those circumstances indicate that appellants would have insisted upon obtaining, and actually would have obtained, appellees' agreement to satisfy the judgments before deeding away the land in question.

Third: According to the appellee Gose, several of the other appellees were present during the conversation with appellants which led to the settlement of the foregoing indebtedness. For some reason, however, none of those men took the witness stand to contradict appellants' version of the transaction.

Taking into consideration, as we must, the foregoing facts and circumstances, as well as others revealed by the record, it is evident that the testimony of appellants is strongly corroborated. The agreement concerning the redemption of the land deeded itself furnishes refutation of the statements made by appellee Gose regarding the consideration. After a careful study of the entire record, we are constrained to hold that the agreement between appellants and appellees was that not only the $10,000 mortgage, but the two judgments as well, were to be canceled and satisfied in return for the 113 acres of land named in the deed.

Some claim is made by appellees in their pleading that the question now before us has been adjudicated by previous decisions in the Marion County district court. However that may be, the abstract fails to set forth any such action. Thus the result must be that the two judgments previously mentioned in equity are satisfied in full, and the appellees shall be required to indicate this fact upon the proper judgment records.

1324

II. As part of their prayer, appellants asked that they be given damages because the appellees did not satisfy the judgments of record, but no proof is shown in the abstract concerning  the amount of such damages, if any. Recovery for the alleged damages, then, cannot be allowed, and the district court did not err in refusing the same.

Therefore, the judgment and decree of the district court, in so far as it denied appellants relief against the said two judgments, must be, and hereby is, reversed; otherwise the same is affirmed.—*Affirmed in part; reversed in part.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.