[File No. 5874.]

EDWIN PETERSON, Respondent, v. FIRST & SECURITY STATE BANK OF CROSBY, NORTH DAKOTA, a Corporation, Formerly Security State Bank of Crosby, North Dakota, a Corporation, Appellant.

(236 N. W. 722.)

Opinion filed May 26, 1931.

*George P. Homnes,* for appellant.

*Thos. C. Jepson* and *C. E. Brace,* for respondent.

NUESSLE, J. This is an appeal from an order overruling a demurrer to the plaintiff's complaint.

The complaint alleges that on the 4th of September, 1923, defendant docketed its judgment against the plaintiff for the sum of $1696.23; that thereafter on September 9, 1926, plaintiff and defendant entered into an agreement, whereby the defendant agreed to forthwith satisfy of record its judgment against the plaintiff in consideration of the plaintiff releasing defendant from an accounting for payments made upon certain notes held as collateral to the judgment, surrendering to the defendant all claims to said collateral, and executing and delivering his note for $715.35, together with interest at the rate of 9 per cent per annum, payable on January 3, 1927; that the plaintiff, pursuant to the terms of said agreement, released defendant from an accounting for payments made on the collateral, surrendered all claim that he had thereto, and executed his note to the defendant; that defendant has neglected and refused to satisfy the judgment of record, though demand has been made upon it to do so, and that it has caused executions to be issued and levies made thereunder on the plaintiff's property; that thereby plaintiff has suffered damages on account of the loss of the use of the property so levied upon, loss of time, and other items of damage, stating the amount thereof; and for relief plaintiff demands that the defendant be required to satisfy the judgment of record and that he recover of the defendant the damages sustained by him. To this complaint the defendant demurred on the ground that the same does not state facts sufficient to constitute a cause of action. The court overruled the demurrer. Whereupon the defendant perfected the instant appeal.

The defendant first urges in support of this appeal that the allega-

4

tions of the complaint disclose merely an unexecuted accord, so that the original obligation remains and the plaintiff is not entitled to any relief. On the other hand, plaintiff insists that it appears from the allegations of the complaint that the transaction resulted in the substitution of his note, a new obligation, for the existing one, the judgment, with the intent to extinguish the latter, and that therefore it amounted to a novation.

The statute, § 5825, Comp. Laws 1913, provides: "An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." "Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." Comp. Laws 1913, § 5827. A "novation is the substitution of a new obligation for an existing one." Comp. Laws 1913, § 5829.

This matter is before us on demurrer to the complaint, so all the intendments are in favor of its sufficiency. Comp. Laws 1913, § 7458; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105. Thus reading the complaint we think it reasonably appears therefrom that the defendant held a judgment against the plaintiff; that it also held certain notes belonging to the plaintiff as collateral to this judgment; that it made collections on account of this collateral for which it was bound to account to the plaintiff; that it failed to do so; that an agreement was entered into whereby the plaintiff released defendant from its obligation to account for collections made upon the collateral, surrendered all his claims to the collateral and, in addition, executed his note to the defendant for an agreed amount much less than the amount of the judgment, payable in the future; that in consideration of the doing of these things the defendant agreed to satisfy the judgment forthwith. It seems to us that this resulted in an accord as defined by the statute, supra, and an acceptance of the consideration of the accord in satisfaction thereof. Clearly it appears from the allegations of the complaint that the plaintiff agreed to and did give to the defendant something different from that to which the latter was entitled under its judgment. Plaintiff released the defendant from its duty to account for collections made on the collateral and surrendered all his claims to the collateral to the defendant. In addition he gave his

note payable in the future. There can be no question of consideration to the defendant. The defendant received and accepted not only the note but also the release and the surrender. They were given in exchange for the defendant's agreement to forthwith satisfy the judgment of record. This transaction took place on September 9th. The note did not fall due until January thereafter. So it appears that the parties intended to satisfy and extinguish the judgment obligation, and this was not contingent upon the payment of the note. Thus there was an accord and thus a satisfaction. See Moers v. Moers, 229 N. Y. 294, 14 A.L.R. 225, 128 N. E. 202; Kusler v. Crofoot, 78 Ind. 597; Krusen v. Highland Park Lumber Co. 104 N. J. L. 55, 140 Atl. 303, 62 A.L.R. 749, and note; 3 Williston, Contr. §§ 1841, et seq.; Parsons, Contr. 9th ed. pages 837, et seq. The plaintiff having performed his part of the agreement and the defendant having accepted the performance, the latter could not at the same time repudiate the agreement and retain that which he had received. Whether the transaction may have resulted in a novation is immaterial.

The defendant further insists that, in any event, though there was an accord and satisfaction resulting in a novation, nevertheless the plaintiff has not paid the note which he gave pursuant to the terms of the accord; that he is asking affirmative equitable relief to compel the satisfaction of the judgment and, it not appearing that he has paid the note or offered to do so though it is past due, is not entitled to such relief.

Plaintiff asks not only for the satisfaction of the judgment, but also for damages for failure to satisfy it and for levying under it, thereby causing the plaintiff loss and damage. When the defendant accepted and retained the consideration for the accord, thereby the obligation of the judgment was extinguished and on failure to satisfy it within a reasonable time, after demand, plaintiff had a right of action to compel such satisfaction. See Mayer v. Sparks, 3 Kan. App. 602, 45 Pac. 249; Woodford v. Reynolds, 36 Minn. 155, 30 N. W. 757; Freeman, Judgm. 5th ed. §§ 1163, et seq. The defendant, in support of its contention in this respect, cites and relies upon numerous cases decided by this court, including, Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68; Campbell v. Coulston, 19 N. D.

645, 124 N. W. 689; Keller v. Souther, 26 N. D. 358, L.R.A.1916B, 1218, 144 N. W. 671. In those cases the principle that he who seeks equity must do equity was applied, and affirmative equitable relief was denied as against mortgages barred by the statute of limitations or as against invalid judgments where there was no payment or offer to pay any portion of the mortgage debts and the judgments were for just demands. But there is no room for the application of this principle in the instant case. Here, by agreement of the parties, the judgment was extinguished by the performance of the agreement on the part of the plaintiff debtor. It was not contingent on the payment of the note. And if, as a result of defendant's failure to satisfy the judgment of record after the same was thus extinguished, the plaintiff was injured, he had a right of action for damages incurred thereby. See McLaughlin v. First Nat. Bank, 72 Ill. App. 476; First State Bank v. Carr, 72 Okla. 262, 180 Pac. 856; 34 C. J. 731. It may be the defendant can establish that it ought not to be required to satisfy the judgment until the note is paid, but that will depend upon a determination of the facts on the trial after issue joined. The complaint sets forth a cause of action, and accordingly the trial court was right in overruling the demurrer. The order from which the appeal is taken is therefore affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and BURKE, JJ., concur.