Ronald B. WINCE, Plaintiff–Appellant,

v.

David McGARRAH, Defendant– Respondent.

No. 22082.

Missouri Court of Appeals, Southern District, Division One.

July 22, 1998.

David F. Barrett, Law Office of Mary Lou Martin, P.C., Joplin, for Plaintiff–Appellant.

John Sims, Sims, Johnson & Woods, Neosho, for Defendant–Respondent.

PREWITT, Presiding Judge.

The principal issue is whether Plaintiff may receive damages for Defendant's failure to release of record a satisfied judgment. Plaintiff's petition alleged he had fully paid a judgment and Defendant had refused to show it satisfied, thereby causing Plaintiff damages.

Following Plaintiff's filing of a petition in this matter, Defendant filed a motion to dismiss because the petition "does not state a cause of action upon which relief can be granted," which motion the trial court may have treated as a motion for summary judgment. *See* Rule 55.27(a)(12). The judgment recites that the "Motion to Dismiss is sustained." In deciding the question of law

presented on this appeal, it makes no difference whether there was summary judgment or judgment entered upon sustaining a motion to dismiss for failure to state a claim for which relief can be granted.[1]

The standard for review of summary judgment is set forth in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). The standard for reviewing the dismissal for failure to state a claim is set forth in *Williams v. Belgrade State Bank*, 953 S.W.2d 187, 189 (Mo.App.1997).

Plaintiff alleges that in a prior action Defendant sued him and obtained judgment for $713.00; that he satisfied the judgment but Defendant did not show it satisfied of record after "several" requests. Plaintiff asserted that as a result of the failure to show the satisfaction of record, he suffered damage due to impairment of his credit record, which kept him from obtaining credit from merchants, lost him the opportunity to purchase vehicles, and cost him expenses to hire an attorney to have the judgment satisfied of record. Plaintiff sought actual and punitive damages.

■ Defendant urges us to affirm the dismissal because Plaintiff did not file an amended pleading as required following the trial court's sustaining of Defendant's motion for a more definite statement. He asserts that failing to comply with that order entitles the trial court, under Rule 55.27(d), to strike the petition "or make such other order as it deems just." Certainly that rule so provides, but there is no indication in the record that

the trial court proceeded on that basis. It entered judgment dismissing the case on Defendant's motion, the motion contending that no cause of action was stated. The trial court has discretion in determining the appropriate sanction when a party fails to make its pleading more definite as ordered. *Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo.banc 1997). Here, however, it does not appear that the dismissal was an exercise of that discretion.

The issues are whether a debtor has a common-law action against a creditor whose judgment has been satisfied but who refuses to release it of record and, if so, whether Rule 74.11 or Section 511.620, RSMo 1994, has repealed or superseded such right. Plaintiff asserts that a common-law right does exist and that that rule and statute do not affect that right. In 1816, the Third Territorial Assembly of Missouri generally adopted the common law of England as it was prior to the fourth year of the reign of James I. That year was 1607. I TERRITORIAL LAWS, p. 436. With changes not relevant here, this adoption is still in effect. *See* V.A.M.S. § 1.010, and historical note following.

Defendant asserts that the only remedy is under the rule and statute and they create "no new tort." However, we do not view the latter to be an issue here, as Plaintiff makes no assertion that the rule and statute create a new tort, but asserts that they do not supersede an existing common-law remedy. Set forth in their entirety, marginally, are Rule 74.11 and Section 511.620, RSMo 1994.[2]

---

1. The body of Defendant's motion to dismiss stated:

   COMES NOW Defendant and moves the Court to dismiss the petition filed herein for the reason that the same does not state a cause of action upon which relief can be granted.

   Further, that there is no authority for any new tort as plead [sic] in the petition and

   that Defendant's sole remedy would have been pursuant to Civil Rule 74.56[?] and

   § 511.620 RSMo., but that those causes of action are now moot since the judgment has been satisfied.

2. RULE 74.11 SATISFACTION OF JUDGMENT

   (a) Acknowledgment of Satisfaction. When any judgment or decree is satisfied otherwise than by execution, the judgment creditor shall

immediately file an acknowledgment of satisfaction.

   (b) Who May Enter Satisfaction. Satisfaction may be entered by the judgment creditor, his attorney of record, or an agent; if entered by an agent who is not the attorney of record, his authority shall be filed.

   (c) Satisfaction of Judgment Entered by the Court. If a judgment creditor who has received satisfaction of a judgment fails to acknowledge such satisfaction immediately, any interested person may apply to the court where the judgment was entered for an order showing satisfaction.

   511.620. Refusal of a party to satisfy—proceedings. If a person receiving satisfaction of a judgment or decree shall refuse within a reasonable time after request of the party interested therein to acknowledge satisfaction on the rec-

 Laws are strictly construed when existing common-law rights are affected. *Huff v. Union Electric Co.,* 598 S.W.2d 503, 511 (Mo.App.1980). If the question is close, the decision should be in favor of retention of the common-law right of action. *Id.* Generally, if there is no conflict between a common-law remedy and the statute, the common-law remedy is to be given effect under Section 1.010, RSMo 1994. *Brosnahan v. Brosnahan,* 516 S.W.2d 812, 814 (Mo.App.1974). In *Brosnahan,* the court held that Section 511.620, RSMo did not prevent the court from exercising its common-law right of entering a partial satisfaction of judgment. *Id.*

 Rule 74.11 and Section 511.620, provide a remedy when a judgment creditor fails to acknowledge satisfaction of judgment, but neither appear to be an exclusive remedy nor to preclude the award of damages if satisfaction of record is not entered by the creditor "immediately" (Rule 74.11(c)), or "within a reasonable time after request." (§ 511.620). We conclude, then, that if there is a common-law remedy for failure to show that a judgment has been satisfied within a reasonable time, neither the rule nor statute eliminate it.

The parties do not cite any Missouri cases bearing directly on whether a common-law remedy for damages exists for failure to release of record a satisfied judgment. Likewise we have found none. Nor have the parties or our research disclosed cases, in Missouri or elsewhere, holding that no such remedy exists. Decisions in other common-law jurisdictions appear to allow damages where the debtor was injured due to his credit status being affected, or otherwise, by the failure of a creditor to show a judgment satisfied of record within a reasonable time. *See McLaughlin v. First Nat'l Bank of Pana, Ill.,* 72 Ill.App. 476, 481 (1897); *First*

State Bank of Indiahoma v. Carr, 72 Okl. 262, 180 P. 856 (1919); *Peterson v. First & Security Bank of Crosby,* 61 N.D. 1, 236 N.W. 722, 724 (1931). See also *Byrne v. Kelsey,* 78 Conn. 719, 61 A. 965 (1905); *Taylor v. Heiny,* 210 Iowa 1320, 232 N.W. 695 (1930); *Field v. Yeaman,* 101 S.W. 368 (Ky. App.1907).[3]

We assume that the facts stated in the petition are true without knowing if that is so. If those facts are proven, then Plaintiff should be entitled to recover. Whether he might also be entitled to punitive damages is not an issue presented nor decided here.[4]

The judgment is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.

---

ord, or cause the same to be done in the manner herein provided, the person so interested may, on notice given, apply to the court to have the same done, and the court may thereupon order satisfaction to be entered by the clerk, with like effect as if acknowledged as aforesaid; and the cost attending such acknowledgment shall be recovered of the party refusing by fee-bill, as in other cases.

3. There also appears to be authority for receiving damages under various state statutes, but be-

cause Missouri has no such statute we do not deem those cases relevant. For such citations, see 50 C.J.S. *Judgments,* § 688, p. 225–6 (1997).

4. Defendant challenges Plaintiff's first two "points relied on" as not in compliance with Rule 84.04(d). That contention is well taken. However, this decision is based upon Plaintiff's third point, which Defendant does not question on that basis. That point is in substantial compliance with Rule 84.04(d).